LORD v. AUTO-OWNERS INSURANCE COMPANY

1. INSURANCE—CONTRACTS—CONSTRUCTION OF POLICY.

The Court of Appeals when asked to construe the provisions of an insurance contract written by the insurer will read the policy in such a manner as favors coverage for the insured.

2. INSURANCE — AUTOMOBILES — UNINSURED AUTOMOBILE — HIT-AND-RUN — INTERMEDIATE CAR—PHYSICAL CONTACT.

An insured is covered where the impact of a hit-and-run car is transmitted to his car through an intermediate car, although his uninsured automobile coverage provides that a hit-and-run automobile shall mean an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured's automobile.

Appeal from Macomb, Frank E. Jeannette, J. Submitted Division 2 December 4, 1969, at Lansing. (Docket No. 7,200.)  Decided March 26, 1970.

REFERENCES FOR POINTS IN HEADNOTES

[1]  44 Am Jur 2d, Insurance §§ 257–305.
[2]  7 Am Jur 2d, Automobile Insurance §§ 135–138.
Rights and liabilities under "uninsured motorists" coverage.    79 ALR2d 1252.

Complaint by Robert Lord and Beverly Lord against Auto-Owners Insurance Company, a Michigan corporation, for a declaratory judgment. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Goldsmith, Yaker & Goldsmith,* for plaintiffs.

*Nunneley, Nunneley & Hirt (Thomas D. Rinehart,* of counsel), for defendant.

Before: FITZGERALD, P. J., and BRONSON and T. M. BURNS, JJ.

BRONSON, J.   On April 16, 1967, Robert Lord's car was struck by a vehicle owned and driven by Jesse Lee Hodges.   Hodges alleged that his vehicle was struck by an unidentified hit-and-run vehicle and forced into Robert Lord.

Robert Lord brought suit against Jesse Lee Hodges and James Hare as director of the Motor Vehicle Accident Claims Fund.   Plaintiff also filed a claim for arbitration against his own auto insurance company, Auto-Owners Insurance Company, under his uninsured motorists coverage.   Defendant Auto-Owners Insurance Company declined to arbitrate the matter on the ground that it was not within the scope of the uninsured motorists coverage as contained in the policy.   The reason, defendant claimed, was that the requirement of "physical contact" between the hit-and-run vehicle and the insured was a condition precedent to arbitration and coverage.

Plaintiff sought declaratory judgment in the Macomb County circuit court against Auto-Owners alleging that coverage did apply. The trial court held that the policy requirement of "physical contact" was met and that coverage did apply under

the facts as alleged by plaintiff. Defendant, Auto-Owners Insurance Company, appeals pursuant to GCR 1963, 806.1.

The insurance policy written between Auto-Owners Insurance Company and Robert Lord states, in part:

> "D. 'Uninsured automobile'
> shall mean:
>
> *     *     *
>
> "(2) a hit-and-run automobile as defined;
>
> *     *     *
>
> "E. 'Hit-and-run automobile'
> shall mean an automobile which causes bodily injury to an assured arising out of physical contact of such automobile with the assured or with an automobile which the assured is in, upon, entering or alighting from at the time of the accident   *   *   *  ."

When asked to construe the provisions of an insurance contract written by the insurer, this Court will read the policy in such a manner as favors coverage for the insured. *Squires v. Hayes* (1968), 13 Mich App 449; *Farm Bureau Insurance Company of Michigan v. Pedlow* (1966), 3 Mich App 478; *Hoehner v. Western Casualty & Surety Company* (1967), 8 Mich App 708; *Michigan Mutual Liability Company v. Karsten* (1968), 13 Mich App 46.

The California Court of Appeals in the case of *Inter-Insurance Exchange of the Automobile Club of Southern California v. Lopez* (1965), 238 Cal App 441 (47 Cal Rptr 834), found that the requirement of "physical contact" embodied in an insurance contract serves a legitimate purpose. That purpose is to reduce the possibility that a motorist who loses control of a vehicle through his own negligence will be able to recover under an uninsured motorists coverage by alleging that an unknown vehicle caused

the injuries complained of. In *Inter-Insurance Exchange of the Automobile Club of Southern California* v. *Lopez, supra,* plaintiff was injured when a car was hurled into his automobile by an impact with an unidentified hit-and-run car. The language of the hit-and-run clause provided that coverage was limited to "bodily injury to an insured arising out of physical contact of such [hit-and-run] automobile with the insured." The Court held the contact requirement was satisfied, stating:

"We believe the physical contact requirement, designed to prevent false claims, should not be extended to defeat recovery in cases where fraud clearly does not exist."

It is clear that ever since the time of Sir Isaac Newton man has recognized and lived by certain physical laws of impact and motion. Accordingly, we hold, as did the Federal Court of Appeals for the Fifth Circuit (applying Florida law) in the case of *State Farm Mutual Automobile Insurance Company* v. *Spinola* (CA 5, 1967), 374 F2d 873, that an insured party is covered where the impact of the hit-and-run car was transmitted to his car through an intermediate car. We find, as did Sir Isaac, that this acceptance of a fundamental property of natural phenomena is the more sensible and consistent view as regards transfer of impact through intermediate objects.

Affirmed.

All concurred.