CITIZENS MUTUAL INSURANCE CO. *v.* JENKS

1. INSURANCE—UNINSURED MOTORIST COVERAGE—STATUTES—INSUR-
ANCE CODE—MOTOR VEHICLE ACCIDENT CLAIMS ACT.

The insurance code uninsured motorist section relates to the
same subject as the Motor Vehicle Accident Claims Act and
the two acts can be construed with reference to each other,
but the insurance code provision is not in all respects governed
by such construction (MCLA 500.3010).

2. INSURANCE—UNINSURED MOTORIST COVERAGE—IDENTITY OF UN-
INSURED MOTORIST.

The provision in the insurance code which requires that auto-
mobile insurance policies provide protection against damage
caused by an uninsured motorist contemplates that the protec-
tion be afforded for damage by an uninsured motorist only
in those cases where the identity of the uninsured owner or
operator is known, so that it can be determined that the
vehicle is uninsured (MCLA 500.3010).

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 7 Am Jur 2d, Automobile Insurance § 135 *et seq.*
Rights and liabilities under "uninsured motorists" coverage. 79
ALR2d 1252.

3. INSURANCE—UNINSURED MOTORIST COVERAGE—REQUIREMENT OF PHYSICAL CONTACT.

 Uninsured motorist coverage in an automobile insurance policy which is restricted in hit-and-run accidents to cases where there is physical contact by the unidentified hit-and-run motorist does not contravene the coverage prescribed by the insurance code because it is less restrictive than the insurance code which requires uninsured motorist coverage only in cases where the uninsured motorist's identity is known (MCLA 500.3010).

4. INSURANCE—UNINSURED MOTORIST COVERAGE—STATUTES—CONSTRUCTION—INSURANCE CODE—MOTOR VEHICLE ACCIDENT CLAIMS ACT.

 The provision of the insurance code governing uninsured motorist coverage has no ambiguities requiring interpretation in the light of the Motor Vehicle Accident Claims Act (MCLA 500.3010).

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 October 8, 1971, at Detroit. (Docket No. 11091.) Decided December 7, 1971.

Complaint by Citizens Mutual Insurance Company against Thomas Lee Jenks and others for declaratory judgment and an injunction to prevent arbitration concerning coverage of a policy issued by plaintiff to defendant Jenks. Summary judgment for plaintiff. Defendants appeal. Affirmed.

*Conklin & Maloney,* for plaintiff.

*Milan & Miller,* for defendants.

Before: QUINN, P. J., and DANHOF and TARGONSKI,* JJ.

TARGONSKI, J. This case involves the uninsured motorist provisions of an automobile insurance

---

 * Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

policy as they relate to an accident involving a phantom vehicle. At about 9:45 in the evening of September 2, 1967, defendant Thomas Lee Jenks was driving north on M–65 with defendants Terry Jenks and Irene Carter as his passengers.

An unidentified automobile began to pass defendants' automobile, whereupon an automobile driven by one Robert Fabera came along, proceeding south on M–65. Confronted with the phantom vehicle head-on; Robert Fabera swung to his left directly into the path of defendants' automobile. The phantom vehicle had no physical contact with either the Fabera or the Jenks automobile.

At the time of the accident the Jenks automobile was insured by plaintiff and the policy included an uninsured motorist clause requiring physical contact as a condition precedent to recovery for injuries caused by a phantom vehicle. Having been informed by plaintiff that nothing would be paid under the uninsured motorist provision of the policy due to the absence of physical contact, defendants demanded arbitration before the American Arbitration Association as provided in the policy.

At this point, plaintiff commenced the instant case, seeking declaratory relief and an injunction preventing arbitration. Upon plaintiff's motion for summary judgment, the trial court granted an injunction prohibiting arbitration of the claim. Defendants thereupon brought this appeal as of right, asserting that the physical contact requirement of the policy was void as against public policy and in contravention of statute.

The pertinent parts of the insurance contract involved between the parties are:

"*Section Four—Protection Against Damages Caused by an Uninsured Motorist*

"The Company will pay all sums which the

Assured, or his legal representative, shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile, because of:

"Coverage F—Bodily injury; and sustained by the Assured, caused by accident and arising out of the ownership, maintenance, or use of an uninsured automobile.

"Persons Insured Under This Section Four:

\* \* \*

"2. 'Uninsured Automobile' means: \* \* \*
"(c) a 'hit-and-run automobile' as defined;

\* \* \*

"3. 'Hit-and-run Automobile' means an automobile which caused bodily injury to an Assured arising out of physical contact of such automobile with the Assured or with an automobile which the Assured is occupying at the time of accident, or if Coverage G is included under this Section, damage to property owned by or in the care, custody and control of the Assured at the time of accident arising out of such physical contact, provided:

"(a) there cannot be ascertained the identity of either the operator or the owner of such 'hit-and-run' automobile; \* \* \* ."

Defendants, relying on *Woods* v. *Progressive Mutual Insurance Co.,* 15 Mich App 335 (1968), conclude that the uninsured motorist protection in an automobile insurance policy may not be more restrictive than the provisions concerning uninsured motorist coverage in *both* the insurance code and the Motor Vehicle Accident Claims Act taken together. They then proceed to demonstrate that on the date of the accident involved here, the Motor Vehicle Accident Claims Act[1] had no requirement of "physical contact" as a condition precedent to recovery,

---

[1] MCLA 257.1112; MSA 9.2812, prior to being amended by 1968 PA 223, § 1, eff July 1.

whereas the automobile insurance policy issued by plaintiff did have such a requirement. This, they conclude, constitutes a *prima facie* showing that plaintiff's policy had coverage narrower than that of the Motor Vehicle Accident Claims Act. We disagree with this analysis.

In the *Woods* case, we held that there the insurance code, MCLA 500.3010; MSA 24.13010, does not define the term "uninsured motor vehicle", we will look to the Motor Vehicle Accident Claims Act, MCLA 257.1112; MSA 9.2812, which is *in pari materia* with the insurance code, for a definition. But even though the two acts relate to the same subject (uninsured motorist coverage) and can, therefore, be construed with reference to each other, the insurance code is not in all respects governed thereby. The insurance code pertains to statutorily required protection that must be included in policies of private insurance companies writing uninsured motorist coverage in the state, while the Motor Vehicle Accident Claims Act applies to the establishment, maintenance, and administration of a motor vehicle accident claims fund set up and managed by the state.

The insurance code provides:

"No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto in limits for bodily injury or death set forth in section 504 of Act No. 300 of the Public Acts of 1949, as amended, being section 257-.504 of the Compiled Laws of 1948, under provisions

approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles, including owners or operators insured by any insolvent insurer, because of bodily injury, sickness or disease, including death, resulting therefrom, unless the named insured rejects such coverage in writing as provided herein." MCLA 500.3010; MSA 24.13010.

MCLA 257.504(d); MSA 9.2204(d) referred to in the above statute, is a section of the financial responsibility act and provides in pertinent part:

"Every such policy * * * is subject to a limit, exclusive of interest and costs, of not less than $10,000.00 because of bodily injury to or death of 1 person in any one accident, and, subject to said limit for 1 person, to a limit of not less than $20,000.00 because of bodily injury to or death of 2 or more persons in any one accident."

The Motor Vehicle Accident Claims Act provided at the time of the collision involved here:

"Where the death of or personal injury to any person is occasioned in this state by a motor vehicle but the identity of the motor vehicle and of the driver and owner thereof cannot be established, any person who would have a cause of action against the owner or driver in respect to the death or personal injury may bring an action against the secretary, either alone or as a codefendant with others alleged to be responsible for the death or personal injury." MCLA 257.1112; MSA 9.2812.

The above-quoted insurance code section is clear as to its requirements. The code directs that the coverage be made available for the protection of persons covered by the primary policy, *"who are legally entitled to recover damages from owners or*

*operators of uninsured motor vehicles"*. This language obviously contemplates that there is proof of the identity of the owner or operator of the uninsured motor vehicle, for otherwise it could not be ascertained that the said vehicle was uninsured. *Collins* v. *New Orleans Public Service, Inc.,* 234 So 2d 270 (La App, 1970); *Amidzick* v. *Charter Oak Fire Insurance Co.,* 44 Wis 2d 45; 170 NW2d 813 (1969); *Progressive Mutual Insurance Co.* v. *Brown,* 229 So 2d 645 (Fla App, 1969). Normally, when the vehicle is a hit-and-run automobile, such identity cannot be ascertained. Thus, when plaintiff issued the automobile policy to defendants providing for uninsured motorist coverage in hit-and-run cases, even though restricted to instances in which there was physical contact between the vehicles involved, plaintiff really provided in its policy an uninsured motorist coverage greater than that required by the insurance code, MCLA 500.3010; MSA 24.13010, rather than less coverage.

Thus, we find no conflict between the policy provisions and the insurance code, nor are there any ambiguities requiring interpretation in light of the Motor Vehicle Accident Claims Act, MCLA 257-.1112; MSA 9.2812. The requirements set forth by the insurance code are explicit and unequivocal, and plaintiff has provided the required coverage, plus more. To the extent that the hit-and-run provisions go beyond the insurance code they are to the advantage of defendant. And since those provisions are neither required nor prohibited by the insurance code, the parties to the insurance contract were free to limit or restrict them in any manner they saw fit.

This conclusion fully comports with the language found in *Blakeslee* v. *Farm Bureau Mutual Insur-*

*ance Co.,* 32 Mich App 115 (1971), in which the Court says:

"The statute [MCLA 500.3010; MSA 24.13010] directs in mandatory terms that every policy of insurance provide the requisite uninsured motorist protection unless it is rejected in writing by the insured. The insurer is, therefore, no longer free, as he had been prior to the statute, to insert language restricting the coverage to less than the statute requires."

It is interesting to note that the Michigan Legislature, contrary to the public policy argument made by defendants, later saw fit to qualify the requirements in regard to the claims fund managed by the state. On July 1, 1968, the Motor Vehicle Accident Claims Act was amended to require "physical contact" as a requisite to recovery from the claims fund in a hit-and-run, unidentified driver or owner, accident. See MCLA 257.1112; MSA 9.2812, as amended by 1968 PA 223, § 1, eff July 1.

Affirmed.

All concurred.