ADAMS v ZAJAC

Docket No. 49929. Submitted March 5, 1981, at Detroit.—Decided October 20, 1981.

Tommy W. Adams was killed when the truck he was operating went out of control and plunged into a creek after Adams swerved to avoid hitting or did hit a truck tire and rim assembly lying in the road. Lolita Adams, administratrix of the estate of Tommy W. Adams, deceased, brought a wrongful death action in Wayne Circuit Court, naming Casimir J. Zajac, L.C.L. Transit Company, and Richard Austin, Secretary of State and Director of the State of Michigan Motor Vehicle Accident Claims Fund, as defendants. Mr. Zajac was sued under the theory that he had negligently designed the guard-rail which gave way when decedent's truck swerved to avoid the tire. L.C.L. Transit Company was sued in the belief that it was the owner of the tire which caused the accident because the tire had "LCL" imprinted on it. Accelerated judgment was granted to Mr. Zajac, the court finding that he was being sued in his capacity as an employee of the State of Michigan and that the circuit court lacked jurisdiction over plaintiff's claim against Zajac, John M. Wise, J. The court also granted summary judgment in favor of L.C.L. Transit Company based upon an unrebutted affidavit that the company did not use such tires and that none of its trucks or trailers were in the vicinity of the accident on that date and noting that the "LCL" imprinted on the tire was the manufacturer's logo, John M. Wise, J. Defendant Secretary of State filed a motion to dismiss, claiming that the Motor Vehicle Accident Claims Act requires that there be physical contact between a claimant's vehicle and an uni-

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 7A Am Jur 2d, Automobiles and Highway Traffic § 401.

[2, 4-7] 7A Am Jur 2d, Automobiles and Highway Traffic § 403.

Validity and construction of requirement that there be "physicial contact" with unidentified or hit-and-run vehicle. 25 ALR3d 1299.

Who is within protection of statutes creating indemnity funds for losses caused by uninsured or unknown motorists. 10 ALR3d 1166.

[3] 73 Am Jur 2d, Statutes §§ 278, 279.

[8] 8 Am Jur 2d, Automobiles and Highway Traffic § 991

dentified vehicle as a condition precedent to an action against the Secretary of State under the act, and that no such physical contact existed in this case. Defendant's motion to dismiss was granted, John M. Wise, J. Plaintiff appeals from the order of dismissal. *Held:*

1. The physical contact required by the act takes place when a vehicle or an integral part of it comes into physical contact with another vehicle. Whether the part is still attached or comes to rest after being detached from the vehicle makes little difference in principle.

2. Inferential evidence rather than objective evidence is enough to establish a link between a disappearing vehicle and plaintiff's vehicle. The inference drawn from the evidence of the tire and rim assembly can be weighed with the circumstances in deciding whether another vehicle was involved.

3. Because a purpose of the act is to provide a remedy to victims of hit-and-run vehicles and because there is the absence of possible fraud, the indirect physical contact in this case satisfies the condition precedent in the act. However, the trier of fact ultimately decides whether physical contact did in fact occur and, if so, whether the contact was with a part of a hit-and-run vehicle.

Reversed and remanded for trial.

1. AUTOMOBILES — MOTOR VEHICLE ACCIDENT CLAIMS ACT — HIT-AND-RUN — REMEDIES — SECRETARY OF STATE — STATUTES.

The Motor Vehicle Accident Claims Act allows the Secretary of State to be sued by any person who would have a cause of action against an unidentified owner or driver of a motor vehicle which causes death of or personal injury to any person (MCL 257.1101 *et seq.;* MSA 9.2801 *et seq.).*

2. AUTOMOBILES — MOTOR VEHICLE ACCIDENT CLAIMS ACT — HIT-AND-RUN — REMEDIES — SECRETARY OF STATE — PHYSICAL CONTACT — STATUTES.

Physical contact between an unidentified vehicle and a vehicle occupied by the claimant is a condition precedent to an action against the Secretary of State as permitted by the Motor Vehicle Accident Claims Act (MCL 257.1112; MSA 9.2812).

3. AUTOMOBILES — MOTOR VEHICLE ACCIDENT CLAIMS ACT — JUDICIAL CONSTRUCTION — STATUTES.

The Motor Vehicle Accident Claims Act is remedial in nature and should be liberally construed (MCL 257.1101 *et seq.;* MSA 9.2801 *et seq.).*

4. Automobiles — Motor Vehicle Accident Claims Act — Hit-and-Run — Statutes.

One of the purposes of the Motor Vehicle Accident Claims Act is to provide a remedy to the victim of an unidentified hit-and-run driver (MCL 257.1101 *et seq.;* MSA 9.2801 *et seq.).*

5. Automobiles — Motor Vehicle Accident Claims Act — Hit-and-Run — Fraudulent Claims — Statutes.

The physical contact requirement in the hit-and-run provision of the Motor Vehicle Accident Claims Act is designed to prevent fraudulent claims; the purpose of the language is to reduce the possibility of phantom vehicle claims which result when a motorist who negligently loses control of his own vehicle is able to recover by alleging that an unknown vehicle caused him to lose control (MCL 257.1112; MSA 9.2812).

6. Automobiles — Motor Vehicle Accident Claims Act — Hit-and-Run — Physical Contact — Statutes.

The term "physical contact" in the hit-and-run provision of the Motor Vehicle Accident Claims Act has been given a wider meaning than a strict interpretation would require because of the remedial nature of the act and because the possibility of fraud is minimal; "physical contact" has been construed to include situations where no direct contact occurs, the most common circumstances where recovery is permitted being (1) where the hit-and-run vehicle strikes a second or intervening vehicle which in turn is propelled into plaintiff's vehicle, and (2) where an object is propelled into the plaintiff's vehicle by another vehicle which does not stop (MCL 257.1112; MSA 9.2812).

7. Automobiles — Motor Vehicle Accident Claims Act — Hit-and-Run — Physical Contact — Statutes.

"Physical contact", as required by the hit-and-run provision of the Motor Vehicle Accident Claims Act, occurs when a vehicle or an integral part of it comes into physical contact with another vehicle; whether the part is still attached or has come to rest after being detached from the vehicle makes little difference in principle (MCL 257.1112; MSA 9.2812).

8. Automobiles — Motor Vehicle Accident Claims Act — Hit-and-Run — Inferences — Statutes.

Inferential evidence rather than objective evidence is enough to establish a link between a disappearing vehicle and a claimant's vehicle under the hit-and-run provision of the Motor Vehicle Accident Claims Act (MCL 257.1112; MSA 9.2812).

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Jeffrey N. Shillman),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Edgar L. Church, Jr.,* Assistants Attorney General, for defendant Secretary of State.

Before: D. E. HOLBROOK, JR., P.J., and BRONSON and D. F. WALSH, JJ.

D. E. HOLBROOK, JR., P.J. Plaintiff commenced this action for wrongful death against defendants Zajac and L.C.L. Transit Company alleging that they were responsible for her husband's death and against the Secretary of State pursuant to the hit-and-run provision of the Michigan Motor Vehicle Accident Claims Act (MVACA). MCL 257.1112; MSA 9.2812. Motions for accelerated judgment and summary judgment were granted in favor of Zajac and L.C.L. Transit Company, respectively. The grant of these motions is not an issue in this appeal. The trial court granted the Secretary of State's motion to dismiss on the grounds that there was no "physical contact" between Adams' vehicle and the unidentified vehicle. It is from this order that plaintiff appeals as of right.

Tommy W. Adams was killed when the truck he was operating went out of control and plunged into a creek after either striking or swerving to avoid striking a truck tire and rim assembly. The tire was between the right and middle lanes on northbound Interstate 75 near Newport. A witness to the accident was driving directly in front of decedent's vehicle. When he came upon the tire, he swerved to the right and avoided the tire. He stated that prior to coming upon the tire he saw a flatbed tractor-trailer parked along the freeway

where he first observed the tire. Simultaneous with the accident, the witness observed the flatbed truck pulling away from the scene. Another witness, going southbound, also observed a flatbed tractor-trailer leaving the scene of the accident. The tire and rim assembly was retrieved by the police.

MCL 257.1112; MSA 9.2812 allows the Secretary of State to be sued by any person who would have a cause of action against an unidentified owner or driver of a motor vehicle which causes death of or personal injury to any person. In any action commenced under this act, physical contact between the unidentified vehicle and a vehicle occupied by the claimant is a condition precedent to such action.

The MVACA is remedial in nature and should be liberally construed. *Dillon v Secretary of State,* 61 Mich App 588; 233 NW2d 96 (1975), *lv den* 397 Mich 812 (1976). One of the purposes of the act is to provide a remedy to the victim of an unidentified hit-and-run driver. *Johnson v Secretary of State,* 406 Mich 420; 280 NW2d 9 (1979). The physical contact provision is designed to prevent fraudulent claims. The purpose of the language is to reduce the possibility of phantom vehicle claims which result when a motorist who negligently loses control of his own vehicle is able to recover by alleging that an unknown vehicle caused him to lose control. *Kersten v DAIIE,* 82 Mich App 459; 267 NW2d 425, *lv den* 403 Mich 845 (1978).

Because of the remedial nature of this act, and because the possibility of fraud is minimal, "physical contact" has been given a wider meaning than a strict interpretation would require. *Lord v Auto-Owners Ins Co,* 22 Mich App 669; 177 NW2d 653 (1970). Physical contact has been construed to

include situations where no direct contact occurs. The most common circumstances in which recovery is permitted is when (1) the hit-and-run vehicle strikes a second or intervening vehicle which in turn is propelled into plaintiff's vehicle, *Lord, supra,* and (2) an object is propelled into the plaintiff's vehicle by another vehicle which does not stop. *Barfield v Ins Co of North America,* 59 Tenn App 631; 443 SW2d 482 (1968), *Allied Fidelity Ins Co v Lamb,* — Ind App —; 361 NE2d 174 (1977). *Contra, Smith v Great American Ins Co,* 29 NY2d 116; 324 NYS2d 15; 272 NE2d 528 (1971). Courts have found that the purpose and intent of the physical contact requirement is served by accepting as sufficient a substantial but indirect physical contact with the claimant's vehicle, although not of the exact nature described in the statute.

It appears to us that accepting as sufficient a substantial physical contact between a part of the unidentified vehicle itself and the complainant's vehicle, as in the present case, involves considerably less of a departure from the act than was permitted in *Lord, supra.*

We would have no difficulty with this case were it not for the holding in *Kersten, supra.* That case involved a hit-and-run claim based on facts similar to those in the instant case. After an extensive case analysis, a panel of this Court found that "[r]ecovery is permitted where the evidence discloses a direct causal connection between the hit-and-run vehicle and plaintiff's vehicle and which connection carries through to the plaintiff's vehicle by a continuous and contemporaneously transmitted force from the hit-and-run vehicle. * * * Further, in such cases there is convincing evidence of a hit-and-run vehicle." *Kersten, supra,* 471. The

Court held that the chain of physical contact between the tire and rim assembly and the Kersten car was too attenuated and too inferentially established to satisfy the physical contact requirement of the statute and policy.

We find nothing in the statute requiring a continuous and contemporaneously transmitted force from the hit-and-run vehicle. We could infer such a requirement perhaps as a concomitant of the required physical contact. However, we hold that the "physical contact" takes place when a vehicle or an integral part of it comes into physical contact with another vehicle. Whether the part is still attached or comes to rest after being detached from the vehicle makes little difference in principle, although in the latter case it might present some difficulties, as are present here, in carrying the burden of proof. In the final analysis, in every accident it is always a part of the vehicle which comes in contact with another vehicle, never the whole vehicle.

We do not subvert the legislative purpose of deterring fictitious claims easily contrived in the absence of physical contact. Our holding requires some type of physical contact. Recovery should not be granted where the claimant is unable to show the existence of any type of physical contact. But we question the need for a super-statutory test over and above that set forth in the statute itself, which is the result of applying *Kersten.* We give the language in the statute a broad construction, but it is a construction of which the words are fitting and should be adopted. This meaning of physical contact exemplifies the liberal construction required of a remedial act.

In addition, the panel of this Court in *Kersten* required convincing evidence of a hit-and-run vehi-

cle. Recovery would be denied where there is only an inference of a hit-and-run vehicle. The law is replete with inferences drawn from other facts. "Human experience tells us that often a state of facts is likely to exist although it cannot be directly proven. * * * [An inference] eases the proponent's burden of production on the ultimate fact and allows a meritorious case to be established on proof of facts which justify an inference of the ultimate fact." *Johnson, supra,* 441.

We are of the opinion that the burden of producing evidence should be allocated to serve the special policy considerations of compensating the victims of unidentified hit-and-run drivers implicit in the MVACA. Therefore, we hold that inferential evidence rather than objective evidence is enough to establish a link between a disappearing vehicle and plaintiff's vehicle. The inference drawn from the evidence of the tire and rim assembly can be weighed with the circumstances in deciding whether another vehicle was involved.

In summary, because a purpose of the MVACA is to provide a remedy to victims of hit-and-run vehicles and because there is the absence of possible fraud, we find that the indirect physical contact in this case satisfies the condition precedent in the MVACA. However, the trier of fact ultimately decides whether physical contact did, in fact, occur and, if so, whether the contact was with a part of a hit-and-run vehicle. Accordingly, we reverse the trial court's order and remand for trial.

Reversed and remanded.