AUTO CLUB INSURANCE ASSOCIATION v METHNER

Docket No. 66609. Submitted June 8, 1983, at Detroit.—Decided August 1, 1983. Leave to appeal denied, 418 Mich 940.

Auto Club Insurance Association brought an action to vacate an arbitration award for William R. Methner, Jr., and against Auto Club Insurance Association under the uninsured motorist provision of an insurance policy written by Auto Club Insurance. Methner claimed he was forced off the road by another car and that there was no physical contact with the other car. The policy provision required physical contact to be covered under the uninsured motorist provision. The Wayne Circuit Court, Susan D. Borman, J., confirmed the award. Auto Club Insurance appeals. *Held:*

1. An arbitration award in a case involving an automobile insurance policy statutory arbitration must be set aside where it clearly appears on the face of the award or the reasons for the decision as stated, being substantially a part of the award, that the arbitrators through an error in law have been led to a wrong conclusion and that, but for such error, a substantially different award must have been made.

2. Arbitrators involved in statutory arbitration derive their powers from the contract providing for arbitration and are bound to act within its terms. They are also bound by the principles of law which govern the issues in dispute, and they exceed their powers when they act beyond the material terms of the contract or in contravention of the controlling principles of law.

3. A contract requirement that there be physical contact with an uninsured vehicle in order to recover under the uninsured motorist provisions of an automobile insurance policy is valid and enforceable.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Arbitration and Award §§ 167 *et seq.,* 185.

[2] 5 Am Jur 2d, Arbitration and Award § 6 *et seq.*

[3] 7 Am Jur 2d, Automobile Insurance §§ 289, 290, 300-302.
Validity and construction of requirement that there be "physical contact" with unidentified or hit-and-run vehicle. 25 ALR3d 1299.

1. Arbitration — Automobiles — Insurance — Appeal.

An arbitration award in a case involving an automobile insurance policy statutory arbitration must be set aside where it clearly appears on the face of the award or the reasons for the decision as stated, being substantially a part of the award, that the arbitrators through an error in law have been led to a wrong conclusion and that, but for such error, a substantially different award must have been made.

2. Arbitration — Statutory Arbitration — Powers of Arbitrators.

Arbitrators involved in statutory arbitration derive their powers from the contract providing for arbitration and are bound to act within its terms; they are also bound by the principles of law which govern the issues in dispute, and they exceed their powers when they act beyond the material terms of the contract or in contravention of the controlling principles of law.

3. Insurance — Uninsured Motorist Provisions — Physical Contact Requirement.

A contract requirement that there be physical contact with an uninsured vehicle in order to recover under the uninsured motorist provisions of an automobile insurance policy is valid and enforceable.

*Dickinson, Mourad, Brandt, Hanlon & Becker* (by *Renee R. McDuffee*); and *Gromek, Bendure & Thomas* (by *James G. Gross*), of counsel, for plaintiff.

*Metry, Metry & Sanom* (by *Kevin A. McNulty*), for defendant.

Before: D. F. Walsh, P.J., and Beasley and D. L. Sullivan,* JJ.

D. F. Walsh, P.J. Plaintiff, Auto Club Insurance Association, appeals from the circuit court's order granting the motion of defendant, William R. Methner, Jr., to confirm the arbitration award of $10,000 in his favor.

* Circuit judge, sitting on the Court of Appeals by assignment.

This controversy arises out of a May 18, 1980, automobile accident. Defendant was driving his father's pickup truck on that day and, according to defendant, was forced off the road by an unidentified car which swerved into his lane. There was no contact between the unidentified car and defendant's father's vehicle, which was insured by plaintiff. The insurance policy provided uninsured motorist coverage whereby plaintiff agreed to pay:

"All sums which the insured [including defendant] shall be legally entitled to recover as damages, including damages for care and loss of services, from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile."

For purposes of this controversy, the relevant definition of "uninsured automobile" is: a "hit-run motor vehicle". A "hit-run motor vehicle" is defined, in pertinent part, as:

"a motor vehicle which causes bodily injury to an insured arising out of *physical contact* of such vehicle with the insured or with a vehicle which the insured is occupying at the time of the accident." (Emphasis added.)

Defendant received no-fault benefits for injuries he sustained in the accident. He also applied for uninsured motorists benefits. When plaintiff denied his claim because of the absence of physical contact between the unidentified car and the pickup truck, the matter was submitted to statutory arbitration. Over the dissent of one of the three arbitrators, defendant was awarded $10,000. The policy limit was $20,000. The record indicates

that a majority of the arbitrators were of the opinion that the "physical contact" requirement was not enforceable.

Plaintiff filed a complaint for vacation of the arbitration award, alleging that the arbitrators had exceeded their powers and had made clear material error. Defendant countered with a motion for confirmation of the award. In confirming the award, the circuit court relied on *Bromley v Citizens Ins Co of America,* 113 Mich App 131; 317 NW2d 318 (1982), and *DAIIE v Standfest,* 96 Mich App 71; 292 NW2d 164 (1980). We reverse.

The threshold issue is the standard of judicial review of the arbitration award in this case. The Supreme Court, reversing *DAIIE v Standfest, supra,* set forth the following standard of review in cases of automobile insurance policy statutory arbitration:

"[W]here it clearly appears on the face of the award or the reasons for the decision as stated, being substantially a part of the award, that the arbitrators through an error in law have been led to a wrong conclusion, and that, but for such error, a substantially different award must have been made, the award and decision will be set aside." *DAIIE v Gavin,* 416 Mich 407, 443; 331 NW2d 418 (1982), citing *Howe v Patrons' Mutual Fire Ins Co of Michigan,* 216 Mich 560, 570; 185 NW 864 (1921).

The Supreme Court emphasized that contracting parties' primary concern is the enforcement of the terms of their agreement. 416 Mich 426-427. Chief among the principles of law which govern the issues in dispute at arbitration is the contract itself, "which most immediately defines the rights and duties of the parties and confers upon the

arbitrator the authority to act". 416 Mich 432. The Court further observed:

"Thus, in discharging their duty, arbitrators can fairly be said to exceed their power whenever they act beyond the material terms of the contract from which they primarily draw their authority, or in contravention of controlling principles of law.

"We note briefly that by ignoring express and unambiguous contract terms, arbitrators run an especially high risk of being found to have 'exceeded their powers'. When faced on the one hand with express terms of the contract governing the dispute, and on the other with uncertainty as to the judicial enforceability of those terms, the more prudent course for the arbitrator would be to give effect to the express terms of the contract. Such an approach will obviously not insulate all awards from judicial review, but since most commercial contracts are not written to contain legislatively or judicially condemned provisions, a majority will be so insulated from an 'excess of power' attack." 416 Mich 434.

In this case the majority of the arbitrators ignored the "physical contact" requirement of the uninsured motorist provisions of the policy issued to defendant's father by plaintiff. If enforced, that requirement would preclude recovery of uninsured motorist benefits in this case. We are not persuaded that there is any legal bar to enforcement of the "physical contact" requirement.

The trial court's reliance on *Bromley v Citizens Ins Co of America, supra,* was misplaced. At issue in *Bromley* was the plaintiff's eligibility for no-fault benefits for personal injuries sustained when his motorcycle was forced off the road by an unidentified car. Under the no-fault act, personal protection benefits are payable for injuries which arise "out of the ownership, operation, maintenance or use of a motor vehicle". MCL 500.3105(1);

MSA 24.13105(1). The Court rejected the notion that contact between the motorcycle and unidentified car was required; all the plaintiff had to prove was that the unidentified car existed and caused the accident.

The provisions of the no-fault act are not at issue in the instant case. Uninsured motorist coverage differs significantly from no-fault coverage. Under current law, uninsured motorist coverage is not statutorily mandated. As framed by the parties, the issue in this case is whether the public policy of our state precludes enforcement of the unambiguous "physical contact" requirement. We are not persuaded by defendant's policy arguments; on the contrary, public policy clearly favors such requirements.[1]

In *Lord v Auto-Owners Ins Co,* 22 Mich App 669; 177 NW2d 653 (1970), the plaintiff filed for uninsured motorist benefits under his automobile insurance policy with the defendant. The policy contained a "physical contact" requirement. The defendant denied that such contact had occurred. While finding that the requisite physical contact had been established, the Court identified the legitimate purpose of such policy requirements:

"The California Court of Appeals in the case of *Inter-Ins Exchange of Automobile Club of Southern Califor-*

[1] The no-fault act provides for the recovery of personal injury protection benefits for injuries which arise "out of the ownership, operation, maintenance or use of a motor vehicle". MCL 500.3105(1); MSA 24.13105(1). There is no provision in the act which requires that there be physical contact between the automobile which causes the injury and the injured person or the injured person's vehicle. We find nothing in the act, however, nor in *Bromley, supra,* which persuades us, as plaintiff contends, that in enacting no-fault legislation the Legislature intended to change the long-standing public policy of this state so as to make the inclusion of a physical contact provision in the uninsured motorist coverage of an insurance policy void and unenforceable.

*nia v Lopez,* 238 Cal App 441; 47 Cal Rptr 834 (1965), found that the requirement of 'physical contact' embodied in an insurance contract serves a legitimate purpose. That purpose is to reduce the possibility that a motorist who loses control of a vehicle through his own negligence will be able to recover under an uninsured motorists coverage by alleging that an unknown vehicle caused the injuries complained of." 22 Mich App 671-672.

The plaintiff in *Lord* had also sought recovery from the motor vehicle accident claims fund. The appeal, however, concerned only his suit against his insurer.

At the time of the accident which gave rise to the *Lord* case, MCL 257.1112; MSA 9.2812 (§ 12 of the Motor Vehicle Accident Claims Act), provided that persons injured by unidentified vehicles and drivers could bring an action against the Secretary of State. In 1968, after the *Lord* accident, the Legislature added a requirement of physical contact between the unidentified vehicle and the claimant or the claimant's vehicle. 1968 PA 223. (The MVACA does not apply to accidents occurring after January 2, 1976. MCL 257.1133; MSA 9.2833.)

In *Citizens Mutual Ins Co v Jenks,* 37 Mich App 378; 194 NW2d 728 (1971), the Court rejected the defendant's claim that the "physical contact" requirement was against public policy. Pursuant to § 3010 of the Insurance Code, MCL 500.3010; MSA 24.13010, uninsured motorist coverage was required in motor vehicle liability policies. (The statute was repealed with the 1973 institution of the no-fault system. 1972 PA 345. See MCL 500.3179; MSA 24.13179.) Section 3010 did not, however, require coverage in hit-and-run situations, where the identity of the uninsured motorist

would be unknown. Because the policy issued to the insured in *Jenks* provided for some coverage in hit-and-run situations, it actually gave greater protection than was statutorily required. The accident in *Jenks* took place in 1967. The Court rejected the defendant insured's argument that the "physical contact" requirement of the hit-and-run vehicle (uninsured motorist) coverage was against public policy:

"It is interesting to note that the Michigan Legislature, contrary to the public policy argument made by defendants, later saw fit to qualify the requirements in regard to the claims fund managed by the state. On July 1, 1968, the Motor Vehicle Accident Claims Act was amended to require 'physical contact' as a requisite to recovery from the claims fund in a hit-and-run, unidentified driver or owner, accident. See MCL 257.1112; MSA 9.2812, as amended by 1968 PA 223, § 1, eff July 1." 37 Mich App 385.

See also *Basilla v Aetna Ins Corp,* 38 Mich App 260; 195 NW2d 893 (1972), *lv den* 387 Mich 774 (1972), where the Court observed that the Legislature's 1968 amendment of MCL 257.1112; MSA 9.2812 "clearly establishes that such provisions are not contrary to the public policy of this state". 38 Mich App 261.

In *Kersten v DAIIE,* 82 Mich App 459; 267 NW2d 425 (1978), *lv den* 403 Mich 845 (1978), the plaintiffs sought uninsured motorist benefits under the hit-and-run provisions of their policy. The car driven by plaintiff Beverly Kersten had struck a tire and rim assembly in the road. Physical contact with the uninsured ("hit-run") vehicle was required by the policy. The Court, rejecting the plaintiffs' claim that the requisite contact had occurred, discussed in detail the purpose served by the "physical contact" requirement:

"The physical contact provision is designed to reduce the possibility of fraud. The purpose of the language is to prevent phantom vehicle claims—the possibility that a motorist who negligently lost control of his own vehicle would recover by alleging that an unknown vehicle caused him to lose control.

\*   \*   \*

"Judicial insistence upon a clearly definable or directly provable nexus between the hit-and-run vehicle and the injured party is predicated upon the prevention of fraud. While fraud is not suggested in this case the circumstances are highly susceptible to fraud.

\*   \*   \*

"Finally, we reject the argument that where there is no claim of fraud, the statutory and policy mandates of physical contact could be largely ignored. A similar claim was made and rejected in *Orpustan v State Farm Mutual Automobile Ins Co,* 7 Cal 3d 988; 103 Cal Rptr 919; 500 P2d 1119 (1972).

" 'This uncontradicted fact, plaintiff says, should suffice where, as here, there is a clear absence of any fraud. But if the physical contact requirement could be satisfied by merely showing that the hit-and-run vehicle was the proximate cause of the accident, this provision would be largely written out of the statute. Thereby, the protection against phantom-car frauds would be diluted and the door reopened to the abuses which motivated the Legislature's imposition of the "physical contact" requirement to come within the contemplated coverage of the statute.' 7 Cal 3d 993." 82 Mich App 469, 473, 474-475.

See also *Adams v Zajac,* 110 Mich App 522, 526; 313 NW2d 347 (1981), where the Court, while disagreeing with the *Kersten* panel's conclusion, reiterated the legitimate purpose served by the "physical contact" requirement. The defendant on appeal in *Adams* was the Secretary of State. At issue was construction of the "physical contact" provision of § 12 of the MVACA. MCL 257.1112; MSA 9.2812.

There are no cases which support a finding of violation of public policy in the "physical contact" requirement of the insurance policy issued to defendant by plaintiff. On the contrary, this Court found a legitimate purpose in such requirement even before the legislative imposition of the requirement in cases where the motor vehicle accident claims fund was involved. The Legislature's codification of the requirement clearly refutes the claim that it violates public policy. Nothing in the no-fault act is inconsistent with enforcement of the requirement.

In this case, the arbitrators exceeded their power by acting "beyond the material terms of the contract". *DAIIE v Gavin, supra,* p 434. They erred as a matter of law in refusing to apply the "physical contact" requirement. That error clearly appears on the face of the award: there is no dispute that no physical contact occurred here, and the enforceability of the "physical contact" requirement was the issue upon which the arguments and discussion during the arbitration hearing focused. It is also evident that, but for their error, a substantially different award would have been made.

In addition to challenging the "physical contact" requirement on policy grounds, defendant claims the requirement is unconscionable, vague, and inconsistent with the reasonable expectations of the insured. Repeated judicial recognition of the legitimate purpose served by such requirements defeats defendant's claim of unconscionability. Nor is the policy language vague or inconsistent with reasonable expectations. The uninsured motorist provisions fairly admit of only one interpretation in the context of accidents like that which occurred here, and, after reading the policy, the

insured could not have reasonably expected coverage in this case. See *Raska v Farm Bureau Mutual Ins Co of Michigan,* 412 Mich 355, 362-363; 314 NW2d 440 (1982).

In disregarding the "physical contact" requirement of the uninsured motorist provisions of the contract, the arbitrators committed a substantial and material error of law and thereby exceeded their powers. *DAIIE v Gavin, supra.* GCR 1963, 769.9(1)(c).

We reverse the order confirming the award and remand to the circuit court for entry of an order consistent with this opinion.