*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM ADAMS and TYRONE ANDERSON,

        Plaintiffs-Appellants,

v

LIBERTY MUTUAL GROUP, INC.,

        Defendant-Appellee,

and

ESURANCE PROPERTY AND CASUALTY
INSURANCE COMPANY,

        Defendant.

UNPUBLISHED
July 27, 2023

No. 360876
Wayne Circuit Court
LC No. 19-014861-NI

Before: PATEL, P.J., and BOONSTRA and RICK, JJ.

PER CURIAM.

In this no-fault insurance action, plaintiff William Adams appeals as of right the February 4, 2022 order granting summary disposition to defendant, Liberty Mutual Group, Inc. We reverse the trial court's order and remand for further proceedings.

## I. FACTUAL BACKGROUND

Adams and two passengers, Tyrone Anderson and Anthony Williams, got into a car accident on September 13, 2017, in Detroit, Michigan. Adams was driving the car, Williams was in the passenger seat, and Anderson was in the backseat. Adams told police that they were heading south on Cochrane Street when another vehicle ran a yield sign at the intersection of Cochrane Street and Perry Street and struck the side of his car. According to Adams, the driver of the other vehicle was a black woman wearing what looked to be a security guard uniform. She got out of her car following the accident. However, when Adams asked her if she had insurance, she got back in her car and fled westbound on Perry Street.

Detroit Police Officer Justin Theut responded to the scene of the accident and completed a police report. In the report, Officer Theut indicated that the car accident was a hit-and-run that occurred at the intersection of Cochrane and Perry. He further stated that Adams's car sustained "Disabling Damage" at points "06" and "08," with first impact at "08," and the greatest area of damage at "06." Officer Theut summarized the incident as follows:

[M]ade scene of accident observed all occupants of veh [sic] 2 outside of vehicle sitting on ground. [A]sked if they needed e.m.s. they all need medical attention. I then t[alked] t[o] driver of vehicle 2 and asked what happened. He and both the passengers stated that driver of vehicle 1. A b/f dark complexion short straight hair wearing a security gaurd [sic] uniform (possibly motor city casino) drove west bound on perry st at a high rate of speed and disregarded the yield sign while he was driving south bound on cochrane st and had collison [sic] with vehicle 2. [D]river of vehicle 2 stated that they all got out of their vehicles and when he asked driver of vehicle 1 if she had insurance she ran to her vehicle and fled west bound on perry st. [U]nknown from there.

Adams went to Detroit Receiving Hospital for treatment immediately after the accident. According to medical notes taken during his hospital visit, Adams presented to the emergency department with neck and back pain. He told a doctor that he hit a car that had been driving in front of him at approximately 25 miles per hours and that he damaged the bumper of his car. A CT scan and x-rays showed no fractures or broken bones. Adams was discharged the same day.

Approximately two months after the accident, plaintiffs, Adams and Anderson, filed a complaint against defendants, Liberty Mutual and Esurance Property and Casualty Insurance Company. Adams alleged that he was covered as an uninsured or underinsured motorist by an insurance policy held through Liberty Mutual. Similarly, Anderson alleged that he was covered as an uninsured or underinsured motorist by a separate insurance policy held through Esurance. Plaintiffs alleged one count of breach of contract by Liberty Mutual and one count of breach of contract by Esurance. Plaintiffs contended that Liberty Mutual breached its contract with Adams, and that Esurance breached its contract with Anderson, by failing to make payments "under the Uninsured Motorist coverage of the insurance policy." Liberty Mutual and Esurance filed separate answers, each denying liability.

While the case was ongoing, Liberty Mutual filed a motion for summary disposition under MCR 2.116(C)(8) (failure to state a claim) and (C)(10) (no genuine issue of material fact). As is relevant to this appeal, Liberty Mutual argued that Adams had presented no evidence to show that another vehicle made physical contact with his car, which barred him from obtaining uninsured or underinsured motorist benefits. Liberty Mutual explained that Adams's policy contained an actual physical contact requirement, which had to be met in order for him to qualify for coverage. Specifically, according to the policy, "[i]f there is no direct physical contact with the hit-and-run vehicle the facts of the accident must be proved. We will only accept competent evidence other than the testimony of a person making a claim under this or any similar coverage." Thus, in situations where a driver alleges that he got in a hit-and-run accident or that a "phantom vehicle" struck his car, the terms of the policy require competent evidence to support that fact from someone other than the person making the claim.

According to Liberty Mutual, the only testimony to support the argument that the accident was caused by a hit-and-run driver was Adams's deposition testimony, which was insufficient to support the claim. "Further," said Liberty Mutual, "none of the Plaintiffs can produce any competent testimony from someone who is not making a claim under the same or similar coverage to satisfy the direct or indirect contact requirement. Therefore, under Liberty Mutual's policy, Plaintiffs['] testimony is inadmissible to prove the facts of the accident." Liberty Mutual asked the trial court to dismiss the case in its entirety.

In response, Adams argued that he had presented ample proof that the accident occurred, noting that he sent Liberty Mutual a video taken just after the impact, showing a brief conversation with the driver of the other vehicle. Adams stated that he had also submitted emergency room records and a police report for the trial court's review. Adams contended that Liberty Mutual's argument that no accident occurred should be disregarded, and asked the trial court to deny the motion for summary disposition.

A hearing on the motion was later held. The parties largely argued consistent with their briefs, and also engaged in a lengthy discussion about whether Adams had provided competent, independent evidence that the accident was caused by a hit-and-run driver, per Liberty Mutual's policy. Counsel for Adams explained that he provided the trial court with deposition testimony from Adams, medical notes, and a police report regarding the incident. Counsel also stated that he had a video of the aftermath of the crash, but the trial court pointed out that the video had never been submitted as evidence. Counsel explained that he had not provided the video to the court because the filing requirements for videos had been affected by the COVID-19 pandemic. Counsel stated that "we usually drop off Zip videos with the Court because that's usually how it has to happen. But obviously with COVID, we couldn't do that here." Defense counsel pointed out that even if the video had been submitted, there were questions about whether it could be authenticated, and whether anything in the video would actually support Adams's claim.

At the close of argument, the trial court chose to grant the motion for summary disposition, stating:

> I think anyone could have, you could have produced any kind of evidence that you thought would create a question of fact, but nothing was produced. Anything in the future that could be produced is irrelevant.
>
> As far as the video, I haven't seen any video. [Defense counsel] has never seen any video. I don't know what the video would show. But I think the statements that are being made are self-serving. And certainly, Part C [of the policy] deals with that part of the claim, which is you can't just make a claim that someone hit you.
>
> To me, he—you know, it's part of his contract. He knew or should have known what it said. And as far as the injuries that you're claiming or things down the road, that could have happened anywhere.
>
> There's nothing that gives me any evidence because you know me, I rarely grant summary dispositions.

But taking the evidence in the light more favorable to the non-moving party, I have no choice but to grant the motion.

Accordingly, the trial court entered an order granting summary disposition to Liberty Mutual under MCR 2.116(C)(10), and dismissing Adams's claims against Liberty Mutual in their entirety. Adams filed two motions for reconsideration, which were both denied. The case was ultimately closed after the trial court granted a separate motion for summary disposition to Esurance in April 2022. This appeal followed.

## II. ANALYSIS

Adams argues that the trial court erred by granting summary disposition where there was independent evidence presented to show that another car made physical contact with his car in a hit-and-run accident. We agree.

The trial court granted summary disposition to Liberty Mutual under MCR 2.116(C)(10). This Court reviews de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion under MCR 2.116(C)(10) "tests the factual sufficiency of a claim." *Id*. at 160 (citation and emphasis omitted). In considering a motion under MCR 2.116(C)(10), the trial court "must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. Such a motion "may only be granted when there is no genuine issue of material fact." *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

In the instant case, Adams is seeking uninsured or underinsured motorist benefits from Liberty Mutual.[1] " 'Uninsured motorist coverage is optional—it is not compulsory coverage mandated by the no-fault act. Accordingly, the rights and limitations of such coverage are purely contractual and are construed without reference to the no-fault act.' " *McJimpson v Auto Club Group Ins Co*, 315 Mich App 353, 358; 889 NW2d 724 (2016), quoting *Rory v Continental Ins Co*, 473 Mich 457, 465-466; 703 NW2d 23 (2005). "An insurance policy is similar to any other contractual agreement, and, thus, the court's role is to determine what the agreement was and effectuate the intent of the parties." *Hunt v Drielick*, 496 Mich 366, 372; 852 NW2d 562 (2014) (quotation marks and citation omitted). Consequently, the general principles of contract interpretation apply to insurance policies. *Royal Pro Group, LLC v Prime Ins Syndicate, Inc*, 267 Mich App 708, 714; 706 NW2d 426 (2005). This Court reads insurance contracts "as a whole, with meaning given to all terms." *Dancey v Travelers Prop Cas Co of America*, 288 Mich App 1, 8; 792 NW2d 372 (2010). "Policy language should be given its plain and ordinary meaning, and

---

[1] Liberty Mutual argues that Adams has waived his issues on appeal by failing to provide factual or legal support for his claims, see *Walters v Nadell*, 481 Mich 377, 387-388; 751 NW2d 431 (2008). Although it is true that Adams cites to little caselaw in support of his claims, his brief on appeal is not entirely devoid of factual or legal argument, and his arguments are developed enough for this Court to review. Further, the lower court record for this case is equally well-developed, and there is no cause to believe that Adams has abandoned any of his claims on appeal. Thus, we will address Adams's claims in full.

-4-

this Court must construe and apply unambiguous contract terms as written." *Wells Fargo Bank, NA v Null*, 304 Mich App 508, 519; 847 NW2d 657 (2014).

Under Adams's insurance policy, Liberty Mutual only grants uninsured or underinsured motorist benefits to claimants alleging injuries as a result of a hit-and-run accident if the facts of the incident can be proved via "competent evidence other than the testimony of a person making a claim under this or any similar coverage." Generally, physical contact provisions are "designed to reduce the possibility of fraud. The purpose of the language is to prevent phantom vehicle claims—the possibility that a motorist who negligently lost control of his own vehicle would recover by alleging that an unknown vehicle caused him to lose control." *Auto Club Ins Ass'n v Methner*, 127 Mich App 683, 691; 339 NW2d 234 (1983). Such provisions are enforceable in Michigan. *Berry v State Farm Mut Auto Ins Co*, 219 Mich App 340, 347; 556 NW2d 207 (1996).

In support of his motion for summary disposition, Adams provided deposition testimony that direct physical contact occurred between his vehicle and the unidentified hit-and-run vehicle. He also submitted a police report, emergency room documentation, and a series of medical reports from after the alleged accident. Deposition testimony from Adams himself is not sufficient to support his claim because Liberty Mutual's policy expressly states that the evidence must come from a source "other than the . . . person making a claim under this or any similar coverage." Similarly, Adams's medical records fail to support his claim because these records only indicate that he reported to medical professionals that he was injured in a car accident, not that a doctor independently concluded that a car accident caused his injuries. Put differently, none of the medical records indicate that a doctor autonomously concluded that Adams was involved in a car accident. Instead, the records merely repeat what Adams said about the cause of his injuries—his "testimony" that they were caused by a car accident, so to speak—and make no independent diagnoses or judgments in support of his claim.

Adams did present some independent evidence, however, which the trial court should have found sufficient to support his claim for benefits. That evidence is contained in the police report, which includes a description of the events leading to the accident as described to Officer Theut by Adams, as well as Officer Theut's observations about the accident. While Adams's description of the event is not enough on its own to support the claim because it is merely another version of his recollection of the accident, the trial court overlooked Officer Theut's independent opinion about the accident and the extent of the damage to Adams's vehicle. Officer Theut states that Adams was in a hit-and-run accident, which caused "Disabling Damage" to his vehicle at points "06" and "08," with the greatest area of damage occurring at point "06." The trial court erroneously disregarded these portions of the police report, and failed to address whether Officer Theut's observations about the accident were sufficient to support Adams's claim for benefits. Viewed in the light most favorable to plaintiff, we conclude that the police report creates a question of fact regarding whether Adams is entitled to uninsured or underinsured motorist benefits. Accordingly, the trial court erred by granting Liberty Mutual's motion for summary disposition.[2]

---

[2] Adams also presents several other pieces of evidence on appeal, including 1) information from the police report indicating that the officer who responded at the scene found a license plate and

## III. CONCLUSION

Officer Theut's description of the accident and the damage to Adams's vehicle in the police report constituted "competent evidence other than the testimony of a person making a claim under this or any similar coverage," per Liberty Mutual's policy on uninsured or underinsured motorist benefits claims. Since the police report creates a question of fact as to whether Adams is entitled to such benefits, we conclude that the trial court erred by granting Liberty Mutual's motion for summary disposition.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Sima G. Patel
/s/ Michelle M. Rick

---

vehicle identification number (VIN) for the hit-and-run driver's car, 2) insurance claim notes indicating that Liberty Mutual and Esurance located the driver of the other car, 3) a video allegedly showing the driver of the other car and Adams's car directly after the accident, and 4) deposition testimony from Anderson. However, a trial court's summary disposition ruling must be based on "then filed" evidence, MCR 2.116(G)(5); see also *Maiden v Rozwood*, 461 Mich 109, 127 n 9; 597 NW2d 817 (1999) (concluding that evidence submitted "after the summary disposition motion was argued" was "not properly before the [trial] court" when deciding the summary disposition motion). Moreover, "this Court's review of a trial court's decision on a motion for summary disposition is limited to the evidence that was presented to the trial court at the time the motion was decided." *Karaus v Bank of New York Mellon*, 300 Mich App 9, 15 n 2; 831 NW2d 897 (2012). Since Adams never presented an argument about the other driver's identity or submitted the aforementioned evidence in the trial court before it granted summary disposition to Liberty Mutual, this Court will not consider it on appeal. *Id*.

-6-