HOWE *v.* PATRONS' MUTUAL FIRE INS. CO. OF MICHIGAN.

1. BENEFICIAL ASSOCIATIONS — GOOD STANDING OF MEMBER — BY-LAWS AND CONSTITUTION.

   As a general rule, some action by a beneficial society or its designated officers is necessary to take from a member his character of good standing in the society, but the by-laws or constitution may provide for and accomplish a self-executing suspension of membership.

2. SAME—DEPRIVING MEMBER OF GOOD STANDING—RULES — CONSTRUCTION.

   A construction of the by-laws and constitution of a beneficial society which summarily deprives a member of his rights is not favored and will not be adopted if any other is possible; mere financial delinquency involving no moral turpitude not being controlling.

3. SAME — CERTIFICATE OF MEMBERSHIP — GOOD STANDING — PRESUMPTIONS.

   A certificate of membership in a mutual benefit society is proof of the good standing of the member at the time it was issued, and good standing will be presumed to have continued unless the contrary is made to appear.

4. SAME—LOSS OF GOOD STANDING—BURDEN OF PROOF.

   In an action by a member of a beneficial society for a loss by fire, payment of which was denied on the ground that plaintiff was not a member in good standing, the burden of proving loss of good standing rests upon the society.

5. SAME—INSURANCE—EVIDENCE—GOOD STANDING.

   The finding of the trial court that plaintiff, at the time of the fire, was a member in good standing in the society, *held,* sustained by the record, showing that he was so treated by the local society, and that his dues to the local society, although in arrears nine months and twenty days, might have been paid at any time before the fire.

6. SAME—BY-LAW IN CONFLICT WITH ARTICLES OF ASSOCIATION VOID—ARREARS FOR DUES.

   Where the articles of association of a mutual fire insur-

ance company state that the purpose of the association is for the mutual protection of its members who are members in good standing in the order Patrons of Husbandry, a by-law providing that any member who allows his dues in the local grange to remain unpaid for nine months voids his policy, is void as in conflict with the articles of association, where the member may be nine months in arrears and yet be in good standing.

7. Same — Award of Arbitrators May be Made Conclusive — Fraud.

The doctrine is well established in this State that members of a voluntary society may set up a tribunal to adjust the differences that arise between the association and its members, and make its decision final in the absence of bad faith or a refusal to act or to pay after an adjudication has taken place.

8. Same—Fraud—Arbitration—Award.

Although the board of arbitration was selected by the directors of a beneficial association, in the absence of evidence of bad faith or facts indicating that the arbitrators acted fraudulently or oppressively, fraud or bad faith cannot be predicated alone upon the decision of the arbitrators in favor of the association on a claim against it for a loss by one of its members.

9. Same—Award Based on Void By-Law Not Conclusive—Exception to Rule.

Where the arbitrators, as clearly appears on the face of the award, rejected a claim by one of the members for a loss by fire, basing their action on a void by-law, and but for such error a substantially different award must have been made, the award and decision will be set aside.

10. Laches—Lapse of Time Alone Insufficient.

Mere lapse of time alone will not suffice to defeat a claim in equity.

11: Same.

A delay of five years in bringing suit to set aside an award of a board of arbitration does not constitute laches, where defendant was not prejudiced by the delay.

Appeal from Ingham; Collingwood (Charles B.), J. Submitted October 11, 1921. (Docket No. 86.) Decided December 21, 1921. Rehearing denied February 8, 1922.

Bill by John C. Howe against the Patrons' Mutual Fire Insurance Company of Michigan, Limited, to set aside an arbitration and award on a policy of insurance. From a decree for plaintiff, defendant appeals. Affirmed.

*William T. Yeo*, for plaintiff.

*Kinnane, Black & Leibrand,* for defendant.

CLARK, J. The defendant, Patrons' Mutual Fire Insurance Company, was organized under Act No. 262, Pub. Acts 1895 (2 Comp. Laws 1915, § 9586 *et seq.*). The purposes of the corporation, stated in its articles of association, were:

"This company is formed for the mutual protection of its members, who are members in good standing in the Order Patrons of Husbandry, for the purpose of mutual insurance of their property against loss by fire." * * *

The Order Patrons of Husbandry is commonly known as the grange. The plaintiff, a member of the order, applied for insurance. On March 24, 1911, defendant issued to him its policy.

As to by-laws, the articles of association provided:

"The board of directors of said company shall make such by-laws as they shall deem necessary for the safety and government of the company, subject to the Constitution and laws of the State of Michigan, and the articles of association of said company."

A by-law of defendant at the time the policy to plaintiff was issued:

"Every policy-holder shall keep his dues in the subordinate grange of which he is a member fully paid up and any policy-holder who shall permit or allow his dues to remain unpaid for the space of nine months voids his policy and the company shall not be liable for loss or damage thereafter."

This by-law was later changed, defendant claims. The substance of the change was to insert the word ":suspends" for the word "void." The application, articles of association and the by-laws were made a part of the policy.

In October, 1913, the property insured was destroyed by fire. Defendant was notified and agreeable to its articles its officers appointed an adjusting board, who adjusted plaintiff's loss at the face of the policy. Defendant claimed an appeal to a board of arbitration as provided by the articles of association then in force.

"In case the loser or the company is not satisfied with the findings of the adjusting board, either as to the justice of the claim, the validity of the policy, the liability of the company or as to the amounts and valuations as fixed by said board, he or it, as the case may be, shall make appeal to the board of arbitration within thirty days from such findings.   *   *   *

"When an appeal is taken to the board of arbitration, said board shall investigate, try, hear and decide upon the justice of the claim, the validity of the policy, the liability of the company and fix the amounts and valuations of the property lost or destroyed, and no suit at law or in equity shall be commenced or maintained by any loser or the company to determine the justice of the claim, the validity of the policy, the liability of the company or to fix amounts or valuations, but the board of arbitration shall have exclusive jurisdiction to determine all controversy between the loser and the company, and such determination shall be binding and conclusive upon any such loser and the company."

At the time of the fire plaintiff had not been expelled or suspended from the local grange of which he was a member, and the trial court found that at such time he was a member of the order in good standing.

On March 18, 1914, the board of arbitration determined:

"That the company is not liable to Brother Howe for loss sustained by him under policy No. 16502, grange 663, October 20, 1914 (1913), with his grange dues 9 months and 20 days in arrears."

And for that reason alone payment of the loss was declined. Plaintiff had paid all assessments due defendant. Plaintiff in October, 1919, filed the bill of complaint herein to set aside the finding and determination of the board of arbitration as illegal and void and as a fraud upon his rights and as a subterfuge to evade the payment of a just and legal claim. Plaintiff, at the same time, also began an action at law to recover upon his policy, which action, by the order of the trial court, has been held in abeyance pending decree herein.

Plaintiff claimed in the trial court, and claims here principally, that under the contract between the parties he was not bound by subsequent amendments of the articles of association and by-laws, that such amendments were not shown to have been legally adopted, that in any event the defendant did not claim an appeal to the board of arbitration, that its pretended claim was not within the 30 days, that the by-law above quoted voiding or suspending a policy when the member was more than 9 months in arrears in dues to the grange was in restriction of membership as provided in the articles of association and that the action of the board of arbitration was invalid and a fraud upon his rights.

The defendant throughout the case has contended that all of the plaintiff's claims are without merit, and, further, that he has been guilty of laches precluding recovery. Plaintiff was decreed the relief prayed. Defendant has appealed.

As indicated by the statement of facts we find it necessary to consider three questions.

1. The by-law restricting membership. The articles

of association provide for insuring the property of "members in good standing" in the grange.   What is meant by the term "good standing"?   It is thus defined:

"A member of an order at the time of his death in arrears for dues and assessments, the time for collection of which had fully expired, is by reason of these facts not in good standing within the meaning of a benefit certificate requiring the member to be in good standing in the order at the time of his death, to entitle the beneficiary to recover."   2 Bacon on Ben. Soc. & Life Ins. (3d Ed.) § 414.

Of this rule it was said in *Puhr* v. *Grand Lodge, G. O. H.*, 77 Mo. App. 47, 63:

"Under this rule a mere delinquency in the payment of dues does not defeat the good standing of the member.   So long as the member has the right to pay and the lodge forbears to take action, he remains in good standing."

And in *High Court, I. O. F.*, v. *Zak*, 136 Ill. 185 (26 N. E. 593), quoting from syllabus:

"In an action against a mutual benefit association, where the certificate is made payable upon condition that the insured is 'in good standing' in the society at his death, and the society's constitution provides that upon due trial and conviction of unbecoming conduct a member shall be reprimanded, suspended, or expelled, the loss of good standing can only be shown by proof of some official action by the society, and oral evidence thereof is not admissible."

The term, however, must be construed under ordinary rules and with reference to the by-laws and constitution of the society.   It is said in *Littleton* v. *Wells, etc., Council*, 98 Md. 453 (56 Atl. 798):

"The use of the term 'in good standing' is very common with such societies, but it is not always easy to determine its precise meaning in the connection in which it is used."

As a general rule some action by the society or its designated officers is necessary to take from a member his character of good standing in the society. Niblack on Acc. Ins. & Ben. Soc. (2d Ed.) p. 541. But the by-laws or constitution may provide for and accomplish a self-executing suspension of membership. *Smith* v. *Knights of Father Mathew*, 36 Mo. App. 184; *Royal Templars of Temperance* v. *Curd*, 111 Ill. 284; *Mc-Murry* v. *Supreme Lodge Knights of Honor*, 20 Fed. 107; *Sumerlin* v. *American Fraternal Stars*, 202 Mich. 154.

A construction which summarily deprives a member of his rights is not favored and it will not be adopted if any other is possible, and a mere financial delinquency involves no moral turpitude, hence cases relating to moral delinquency are not here controlling. *Puhr* v. *Grand Lodge, G. O. H., supra.*

And a certificate of membership in a mutual benefit society is proof of the good standing of the member at the time the certificate was issued, and such good standing will be presumed to have continued unless the contrary is made to appear. See *Petherick* v. *Order of the Amaranth*, 114 Mich. 420.

And in view of this presumption the burden of proving loss of good standing rests upon the society. *High Court, I. O. F.*, v. *Zak, supra;* Bacon on Ben. Soc. & Life Ins. (3d Ed.) § 414; *Rose* v. *Order of Patricians*, 126 Mich. 577.

The trial court, as stated, found that plaintiff at the time of the fire was in good standing in the grange. This finding is sustained by the record before us and the return to this court which show that plaintiff enjoyed all the privileges of the order, that he was treated as a member in good standing, that annual dues for the year in question upon his membership were paid to the State grange by the local grange of which he was a member, that suspension from the local

grange was accomplished in practice by notice and action by the society, that there was no such notice or action, and that plaintiff might have paid his dues to the local grange at any time before the fire. But in any event there is a failure on the part of the defendant to prove that plaintiff was not a member of the grange in good standing at the time of the fire.

But it is urged that consideration must be given to the by-law, above quoted, respecting a voiding or suspending of the policy where a member was more than 9 months in arrears in dues to the grange. The by-law is void. It is in conflict with the articles of association above quoted. To impose such restriction upon the membership the articles themselves must be amended. No by-law can thus narrow and restrict the plain meaning of the articles of association. *Stewart* v. *Father Matthew Society*, 41 Mich. 67; 14 C. J. p. 362, and cases cited. And see note and cases cited 85 American Decisions, 618.

2. Arbitration. It thus clearly appears that the board of arbitration based its refusal to pay wholly upon such void by-law, and that therefore its refusal is without reason or warrant either in law or in fact. Is such finding conclusive as provided in the articles above quoted? As to whether the agreement that such award shall be final and conclusive deprives the insured of recourse to the courts the general rule is thus stated in 29 Cyc. pp. 208, 209:

"And it is generally held that where the insured has first exhausted all his remedies within the order he cannot be deprived of recourse to the courts by a stipulation that the decision of the association's own tribunal shall be conclusive."

But the author there adds:

"There is considerable authority holding that such stipulations, in the absence of fraud, make the de-

cisions of the order as to the insurance binding on the members and their beneficiaries."

An examination of the cases and text books indicates that a considerable part of such "considerable authority" is Michigan cases. It is said in Bacon on Life & Accident Insurance (4th Ed.), p. 1395:

"Other courts, however, have declined to follow the Michigan doctrine."

The rule in Michigan is stated in *Patrons' Mut. Fire Ins. Co.* v. *Attorney General,* 166 Mich. 438:

"The doctrine is well established in this State that members of a voluntary society may set up a tribunal to adjust the differences that arise between the association and its members, and make its decision final in the absence of bad faith or a refusal to act or to pay after an adjudication has taken place. *Van Poucke* v. *St. Vincent de Paul Society,* 63 Mich. 378; *Canfield* v. *Knights of Maccabees,* 87 Mich. 626 (13 L. R. A. 625, 24 Am. St. Rep. 186); *Hembeau* v. *Knights of Maccabees,* 101 Mich. 161 (49 L. R. A. 592, 45 Am. St. Rep. 400); *Fillmore* v. *Knights of Maccabees,* 103 Mich. 437; *Raymond* v. *Insurance Co.,* 114 Mich. 386; *Russell* v. *Benefit Association,* 116 Mich. 699."

See, also, *Barker* v. *Great Hive L. O. T. M.,* 135 Mich. 499; *Derry* v. *Great Hive L. O. T. M.,* 135 Mich. 494; *Monger* v. *New Era Ass'n,* 171 Mich. 614; *Bishop* v. *Brotherhood of L. F. and E.,* 204 Mich. 605.

Has bad faith been shown? Here the board of arbitration was selected by defendant's board of directors. The defendant named the arbitrators of its own case. Making due allowance for the fact that the judicial mind is strongly against the propriety of allowing one of the parties or its especial representative to be judge or arbitrator of its own case (see *Railway Passenger, etc., Benefit Ass'n* v. *Robinson,* 147 Ill. 138 [35 N. E. 168]), we find no evidence of bad faith, no facts indicating that the arbitrators acted fraudulently or oppressively. Fraud or bad faith

cannot be predicated here alone on the decision of the arbitrators.    See *Hembeau* v. *Knights of Maccabees,* 101 Mich. 161; *Fillmore* v. *Knights of Maccabees,* 103 Mich. 437.

But what of the error in law?    The arbitrators thought the by-law valid and for that reason alone, as stated above, reached their conclusion.    It is clearly apparent on this record that but for such thought plaintiff's claim must have been allowed.    May an award be set aside for such error in law?

By a majority opinion in *Dick* v. *International Congress,* 138 Mich. 372, an exception in this regard from the rule in this State above quoted was recognized.    It was there held (quoting from syllabus):

"The decision of the supreme tribunal of a beneficial association, on appeal by a beneficiary, is not conclusive, though so provided by its by-laws, where the tribunal receives and acts upon the testimony of a physician admitted in violation of section 10181, 3 Comp. Laws [1897]."

And it is said in 5 C. J. pp. 184, 185:

"If it is clearly shown that the arbitrators intended to decide according to the law, and it also plainly appears that they mistook or misconstrued the law, the award must be held to operate as a miscarriage of the intention of the arbitrators, and, on this ground, the award will be set aside.    'If erroneous in law, it follows that it is not what the arbitrator intended.' In applying the rule it is essential that the intent of the arbitrators to decide according to law should plainly appear.    And where the reasons of the award are not shown, there is no means of knowing whether or not the arbitrators intended to decide according to law.    Furthermore it is very generally held that if the arbitrators mistake the law in a doubtful point, the award for this reason will not be set aside even though the court would have decided the law differently.    'The error of law, which will avoid an award must be very clear, and such as has plainly conducted the judgment of the arbitrator to a wrong conclusion,

one but for which he must have made an award, different in its substantial results.' "

As to relief where arbitrators have acted in manifest mistake, see *Port Huron, etc., R. Co.* v. *Callanan,* 61 Mich. 22.

Our attention is called to no decision of this court precisely in point. To the rule in this State above quoted from *Patrons' Mut. Fire Ins. Co.* v. *Attorney General, supra,* this exception indicated by the *Dick Case* should be added, that where it clearly appears on the face of the award or the reasons for the decision as stated, being substantially a part of the award, that the arbitrators through an error in law have been led to a wrong conclusion, and that, but for such error, a substantially different award must have been made, the award and decision will be set aside. This is such a case.

3. Laches. There has been delay in bringing suit. But mere lapse of time alone will not suffice to defeat a claim in equity. It is said in *Walker* v. *Schultz,* 175 Mich. 280:

"Where the situation of neither party has changed materially, and the delay of one has not put the other in a worse condition, the defense of laches cannot as a rule be recognized. *Parker* v. *Hotel Co.,* 96 Tenn. 252 (34 S. W. 209, 31 L. R. A. 706)."

Defendant has not been prejudiced by the delay. It has retained the money due plaintiff. Its position is unchanged. It had no valid reason for refusing payment when it did. It has no valid reason now.

The decree as to the relief granted is affirmed, with costs to plaintiff.

STEERE, C. J., and WIEST, STONE, BIRD, and SHARPE, JJ., concurred. MOORE and FELLOWS, JJ., did not sit.