BRADLEY v ALLSTATE INSURANCE COMPANY

Docket No. 65980. Submitted January 17, 1984, at Detroit.—Decided March 21, 1984.

Plaintiff, Gloria Bradley, filed a demand for arbitration pursuant to an uninsured motorist endorsement contained in an insurance contract between her and defendant, Allstate Insurance Company. The arbitration was to be conducted under the rules of the American Arbitration Association, which provide for a majority award. Following the taking of proofs by the three-member arbitration panel, consisting of the plaintiff's and defendant's arbitrators and a neutral arbitrator, the arbitrators deliberated for 30 minutes. The result was that plaintiff's arbitrator favored an award of the policy limits, $20,000, the defendant's arbitrator favored an award of $2,000 to $3,000. The neutral arbitrator stated that he preferred to have a unanimous decison. The arbitrators then exchanged telephone numbers and the neutral arbitrator indicated that he would telephone the other arbitrators for separate conferences. Subsequent telephone communications resulted in an offer of an additional $1,000 to $2,000 by defendant's arbitrator and no change in the position held by plaintiff's arbitrator. An award of $4,000 was subsequently entered by the neutral arbitrator and the defendant's arbitrator. Plaintiff thereafter filed a complaint in the Wayne Circuit Court seeking a declaratory judgment to vacate the award and alleging "corruption, fraud, undue means, evidence partiality, and/or misconduct in the determination of" the award. The trial court, Lucile A. Watts, J., vacated the award and ordered a new hearing before a different arbitration panel after finding that the method utilized in reaching the award had the tendency to give the appearance of not being entirely fair. Defendant appeals. *Held:*

1. Anything short of actual exclusion from deliberations does

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arbitration and Award §§ 167, 168, 178.
Construction and application of § 10 (a-d) of United States Arbitration Act of 1947 (9 USCS § 10 (a-d)), providing grounds for vacating arbitration awards. 20 ALR Fed 295.

[2] 5 Am Jur 2d, Arbitration and Award §§ 110, 125.

not constitute "misconduct" within GCR 1963, 769.9(1)(b) and is therefore not a ground for setting aside an arbitration award where the method by which the arbitrators reached their decision is challenged.

2. Actual exclusion from deliberations did not exist here. The neutral arbitrator's efforts did not unreasonably exclude plaintiff's arbitrator from equal and reasonable participation in the process of effecting a compromise.

3. Neither the record, GCR 1963, 769.9(1), nor any policy considerations support the trial court's determination that tripartite communication subsequent to the undisputed tripartite discussion following the hearing is a prerequisite to the rendition of a valid arbitration award.

Reversed and the arbitration award is reinstated.

1. ARBITRATION — MISCONDUCT — VACATING AWARDS — COURT RULES.

Anything short of the actual exclusion of an arbitrator from deliberations does not constitute "misconduct" pursuant to the court rule regarding the vacating of an arbitration award and is therefore not a ground for setting aside an award in an action challenging the method by which arbitrators reached a decision (GCR 1963, 769.9[1][b]).

2. ARBITRATION — COMMUNICATIONS INCLUDING ALL ARBITRATORS — COURT RULES.

Tripartite communication subsequent to tripartite discussion by a three-member arbitration panel following a hearing by the panel is not a prerequisite to the rendition of a valid arbitration award by the panel (GCR 1963, 769.9[1]).

*Ross, Soloy & Doman* (by *William J. Soloy),* for plaintiff.

*Mitchell & Leon* (by *Christine A. D'Luge),* and *Gromek, Bendure & Thomas* (by *James G. Gross),* of counsel, for defendant.

Before: SHEPHERD, P.J., and R. M. MAHER and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiff filed a demand for arbitra-

* Circuit judge, sitting on the Court of Appeals by assignment.

tion pursuant to the uninsured motorist endorsement contained in an insurance contract between plaintiff and defendant. The arbitration proceeding was to be conducted under the rules of the American Arbitration Association, which provide, among other things, for a majority award.

On August 25, 1981, proofs were taken by an arbitration panel consisting of Ivy T. Riley (plaintiff's arbitrator), Robert M. Petteys (defendant's arbitrator), and Elmer Roller (neutral arbitrator). At the conclusion of the proofs, Mr. Roller excused the parties' attorneys and "polled" the other two arbitrators to ascertain their initial impressions as to the merits of plaintiff's claim. Ms. Riley expressed an opinion that plaintiff should receive the policy limits—$20,000. Mr. Petteys expressed an opinion that plaintiff should receive nothing. Mr. Roller stated that he preferred to have an unanimous decision. Mr. Petteys then responded that he could award $2,000 to $3,000, but no more. Ms. Riley did not change her position. This deliberation lasted approximately 30 minutes.

At the conclusion of this meeting, the arbitrators exchanged telephone numbers. Mr. Roller requested the arbitrators to review the materials once again and indicated that he would telephone each arbitrator sometime after Labor Day. Mr. Roller believed the matter could be handled over the telephone through conferences between himself and one arbitrator, and then himself and the other arbitrator.

On September 8, 1981, Mr. Petteys telephoned Mr. Roller and informed him that he could award another $1,000 to $2,000. According to Mr. Roller, between September 8 and 15, he spoke to Ms. Riley twice and she indicated she had not yet finished reviewing the materials and was still at

the policy limits. Between September 16 and 23, Mr. Roller attempted several times to contact Ms. Riley but was unsuccessful. On or about September 21, Mr. Roller instructed his secretary to leave a precise message that "unless there's some adjustment in your position, a majority decision will issue for $4,000". Ms. Riley confirmed the receipt of this message.

On September 24, 1981, according to Mr. Roller's testimony, Ms. Riley telephoned him and indicated that her position had not changed. Mr. Roller then stated to her that he and Mr. Petteys would issue a majority award. Ms. Riley testified that she could not remember conferring directly with Mr. Roller on that date but remembered that she informed his secretary that she could not agree with the $4,000 award. Mr. Roller attempted unsuccessfully to contact Ms. Riley once more on September 28 or 29, 1981.

On October 2, 1981, Mr. Roller sent a letter to the American Arbitration Association informing it that a majority decision would be rendered. On October 8, 1981, the award was signed by Mr. Roller and Mr. Petteys. Ms. Riley was designated as dissenting, but did not sign the award.

Plaintiff filed a complaint for declaratory judgment on October 26, 1981, to vacate the award. Plaintiff alleged in her complaint, "corruption, fraud, undue means, evidence partiality, and/or misconduct in the determination of such arbitration award". The trial court ordered an evidentiary hearing from which the above facts were established. Before making its findings, the trial court stated "nothing that this court will say is intended to reflect adversely on the efforts of any of the three arbitrators". The trial court then vacated the award and ordered a new hearing

before a different arbitration panel. The trial court essentially found that the method of reaching the decision herein had a "tendency to give the appearance of not being entirely fair". Defendant appeals as of right.

Plaintiff initially claims that the method of deliberation utilized herein denied plaintiff's arbitrator a reasonable and equal opportunity to express her views. Plaintiff claims that Ms. Riley was excluded from the deliberations and that such exclusion constituted "misconduct" within the meaning of GCR 1963, 769.9(1)(b). As such plaintiff contends the trial court's vacation of the award was proper.

The issue we must decide is whether the deliberation procedure adopted and utilized by the neutral arbitrator, Mr. Roller, constitutes misconduct within GCR 1963, 769.9(1)(b). This is a case of first impression.

This Court is reluctant to become involved in reviewing the methods of deliberations used by arbitrators in reaching their decisions. Such review would result in our setting guidelines on how arbitrators should deliberate and would end up with courts constantly looking behind awards on many grounds. Therefore, with regard to challenges to the method by which the arbitrators reach their decision, we hold that anything short of actual exclusion from deliberations does not constitute "misconduct" within GCR 1963, 769.9(1)(b) and is therefore not a ground for setting aside an arbitration award.

We find that actual exclusion did not exist here. There is no dispute that a hearing was conducted by all three arbitrators. The arbitrators deliberated after this hearing for one-half hour. There is no dispute that plaintiff's arbitrator had the same

input during the one-half hour post-hearing deliberation as did defendant's arbitrator. Since the two arbitrators were at opposite poles in terms of the award, it was incumbent upon the neutral arbitrator to try and effect a compromise if possible. We find his efforts—which netted plaintiff an additional $2,000—did not unreasonably exclude plaintiff's arbitrator from equal and reasonable participation in that process. The record demonstrates that Mr. Roller did not speak to defendant's arbitrator more frequently than plaintiff's arbitrator; that Mr. Roller expended a great deal of effort to elicit a response or "input" from Ms. Riley; that if Ms. Riley wished to speak directly to defendant's arbitrator she had his phone number and nothing prevented her from calling him at anytime; and that during the period following the hearing Ms. Riley did not change her position despite knowing Mr. Roller's inclinations following the hearing.

We hold neither the record, nor GCR 1963, 769.9(1), nor any policy considerations support the trial court's determination that tripartite communication subsequent to the undisputed tripartite discussion following the hearing is a prerequisite to the rendition of a valid arbitration award. We therefore reverse the trial court's decision and reinstate the original arbitration award. See also *In the Matter of Delmar Box Co, Inc,* 309 NY 60, 63; 127 NE2d 808, 811 (1955); GCR 1963, 769.7; *In the Matter of Arbitration Between American Eagle Fire Ins Co and New Jersey Ins Co,* 240 NY 398; 148 NE 562 (1925).

Reversed.