DONEGAN v MICHIGAN MUTUAL INSURANCE COMPANY

Docket No. 83221. Submitted February 12, 1986, at Detroit. Decided May 6, 1986. Leave to appeal applied for.

Plaintiff, Mary Donegan, was insured under a policy issued by defendant, Michigan Mutual Insurance Company. Paul Baker was plaintiff's son. On July 11, 1982, Paul Baker was killed when struck by an uninsured motorist while walking along a highway in California. Following Paul Baker's demise, plaintiff made a claim for uninsured motorist benefits on behalf of Paul Baker's estate. Under plaintiff's insurance policy with defendant, coverage extended only to persons specifically named in the policy, and to resident relatives within the named insured's household. Defendant maintained that, since Paul Baker was not a resident of the plaintiff's household at the time of his death, the estate was not entitled to uninsured motorist benefits. Plaintiff requested arbitration to determine uninsured motorist benefits due the estate of Paul Baker under the automobile insurance policy issued by defendant. The evidence presented at the arbitration hearing showed that Paul Baker had been residing with plaintiff. He had his own room and received his mail there. His driver's license reflected the address as his residence. He took his meals there and attended social functions with plaintiff and her husband. Paul Baker left for California, allegedly to visit his sister there. He took some clothing but left most of his belongings in plaintiff's home. He never requested that his belongings or mail be sent to Califor-

REFERENCES

Am Jur 2d, Arbitration and Award §§ 6-10, 167-189.

Am Jur 2d, Automobile Insurance §§ 247, 273-277, 293 *et seq.*

What constitutes ownership of automobile within meaning of automobile insurance owner's policy. 36 ALR4th 7.

Right of insurer issuing "uninsured motorist" coverage to intervene in action by insured against uninsured motorist. 35 ALR4th 757.

Conflicts of laws in determination of coverage under automobile liability insurance policy. 20 ALR4th 738.

Appealability of judgment confirming or setting aside arbitration award. 7 ALR3d 608.

See also the annotations in the ALR3d/4th Quick Index under Automobile Insurance.

nia. He continued to receive mail at the Southfield home. The length of his stay in California at the time of his death was 7½ months. While in California, Paul Baker remained in contact with plaintiff. Plaintiff sent money to him in California. Paul Baker stayed with his sister for two brief periods. The rest of the time, he resided in motels and rooming houses. He supported himself by doing odd jobs such as house painting and working as a short-order cook. About two weeks before his death, Paul Baker telephoned plaintiff and told her he intended to return to Southfield after visiting Los Angeles. At the July 11, 1982, accident scene, police located a sleeping bag and a pouch containing Paul Baker's Michigan driver's license, social security card, and other personal items. The majority of the Board of Arbitrators denied the plaintiff's claim against the defendant. Plaintiff filed a motion to vacate the arbitration award in the Wayne Circuit Court. On November 30, 1984, after a hearing was held, the circuit court judge indicated that the arbitration transcript would be read to determine whether the facts were so clear that as a matter of law there was only one way to look at them or whether there were facts to be weighed by the arbitrators. The court, Sharon Tevis Finch, J., granted the motion to vacate the arbitration award, ruling that the arbitrators made a clear error of law since the facts can support no other reasonable conclusion than that Paul Baker was domiciled at plaintiff's home. Defendant appealed. *Held:*

Review of a statutory arbitration award on the basis that it was against the great weight of the evidence or that it was not supported by substantial evidence is precluded.

Reversed.

1. ARBITRATION — AUTOMOBILE INSURANCE — VACATION OF AWARDS.

   The circuit court, upon application of a party to statutory arbitration to confirm or vacate an automobile arbitration award, may set aside the award where on its face it appears that the arbitrators made an error of law so substantial that but for the error the award would have been substantially different; in such a case the arbitrators exceeded their powers (GCR 1963, 769.9[1])

2. ARBITRATION — APPEAL — VACATION OF AWARDS.

   An arbitration award should not be vacated for the reason that the arbitrator made a substantial error of law where the error does not appear on the face of the award and the result is legally justifiable on some basis.

3. INSURANCE — DOMICILE — RESIDENCE.

   The factors to be considered in determining whether a claimant

is a "resident" of an insured's household or "domiciled in the same household" include: (1) the subjective or declared intent of the claimant to remain, either permanently or for an indefinite time, in the household; (2) the formality of the relationship between the claimant and the members of the household; (3) whether the claimant lives in the same house, within the same curtilage, or upon the same premises as the insured; and (4) whether the claimant has another place of lodging.

4. ARBITRATION — APPEAL — COURT RULES.

Review of a statutory arbitration award on the basis that it was against the great weight of the evidence or that it was not supported by substantial evidence is precluded (GCR 1963, 769.9[1]; MCR 3.602[J]).

*G. Vernon Leopold, P.C.* (by *G. Vernon Leopold*), for plaintiff.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike*), for defendant.

Before: MACKENZIE, P.J., and CYNAR and G. T. MARTIN,* JJ.

PER CURIAM. This Court granted leave to appeal from a circuit court ruling which reversed an arbitration award in favor of defendant. We reverse.

Plaintiff, Mary Donegan, brought an action as personal representative of the estate of Paul Baker, deceased. Mary Donegan was insured under a policy issued by defendant. Paul Baker was plaintiff's son. On July 11, 1982, Paul Baker was killed when struck by an uninsured motorist while walking along a highway in Malibu, California. Following Paul Baker's decease, plaintiff made a claim for uninsured motorist benefits on behalf of Paul Baker's estate. Under plaintiff's insurance policy with defendant, coverage extended only to

* Former circuit judge, sitting on the Court of Appeals by assignment.

persons specifically named in the policy and to resident relatives within the named insured's household. Defendant maintained that, since Paul Baker was not a resident of the plaintiff household at the time of his death, the estate was not entitled to uninsured motorist benefits.

On August 16, 1982, plaintiff requested arbitration to determine uninsured motorist benefits due the estate of Paul Baker under the automobile insurance policy issued by defendant.

At the arbitration hearings, plaintiff maintained that, since Paul Baker was a resident relative in her home on a temporary visit to California, she was entitled to uninsured motorist coverage under the insurance policy written by defendant. Plaintiff and her daughters, Mary Jane Lawrence and Marlene Baker, testified. Plaintiff testified that Paul Baker had resided with her in Southfield, Michigan, until August 1, 1977, when he took up residence with his girlfriend in Hazel Park, Michigan. After he and his girlfriend broke up, Paul Baker vacated the flat where he resided on June 30, 1981, and resided with plaintiff. He had his own bedroom and kept miscellaneous furnishings such as a stereo, chess set, coin collection, personal clothing, and other belongings in the home. Some of Paul Baker's furniture was used in the home. After returning to the Southfield home, Paul Baker received mail there, and changed his Michigan driver's license to reflect the Southfield address. While in Southfield, Paul Baker took meals with plaintiff and his stepfather and attended social functions with them.

Sometime after June 30, 1981, Paul Baker confined himself at a center for drug and alcohol abuse in Royal Oak. During this stay, he regularly spent weekends at the Southfield home. Paul Baker was alleged to have had an alcohol problem

for many years which was reactivated following the breakup with his girlfriend.

Approximately two weeks before Thanksgiving in 1981, Paul Baker left for California, allegedly to visit his sister there. He took some clothing but left most of his belongings in the Southfield home. He never requested that his belongings or mail be sent to California. He continued to receive mail at the Southfield home. The length of his stay in California at the time of his death was 7½ months.

While in California, Paul Baker remained in contact with plaintiff and his sister Mary Jane Lawrence. Plaintiff sent money to him in California. Paul Baker stayed with Marlene Baker for two brief periods; the rest of the time, he resided in motels and rooming houses. It was alleged that he supported himself by doing odd jobs such as house painting and working as a short-order cook. About two weeks before his death, Paul Baker allegedly telephoned Mary Jane Lawrence and plaintiff and told them he intended to return to Southfield after visiting Los Angeles. At the July 11, 1982, accident scene, police located a sleeping bag and a pouch containing Paul Baker's Michigan driver's license, social security card, and other personal items.

On December 27, 1983, the majority of the Board of Arbitrators denied the plaintiff's claim against the defendant.

Plaintiff filed a motion to vacate the arbitration award in circuit court. On November 30, 1984, after a hearing was held, the circuit court judge indicated that the arbitration transcript would be read to determine whether the facts were so clear that as a matter of law there was only one way to look at them or whether there were facts to be weighed by the arbitrators.

On January 4, 1985, the circuit court judge granted the motion to vacate the arbitration award, ruling that the arbitrators made a clear error of law since the facts can support no other reasonable conclusion than that Paul Baker was domiciled at plaintiff's home. The circuit court erred by vacating the arbitration award on the basis that the arbitrators erred as a matter of law.

Under Michigan General Court Rule 1963, 769.9(1), now MCR 3.602(J), the court shall vacate an arbitration award upon application of a party, where:

> (a) The award was procured by corruption, fraud or other undue means;
> (b) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;
> (c) *The arbitrators exceeded their powers;* or
> (d) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing as to prejudice substantially the rights of a party. [Emphasis added.]

In *DAIIE v Gavin*, 416 Mich 407; 331 NW2d 418 (1982), the Supreme Court concluded that, in some cases, arbitrators can be said to have exceeded their powers when they commit a legal error. The Court adopted this standard of review:

> "[W]here it clearly appears on the face of the award or the reasons for the decision as stated, being substantially a part of the award, that the arbitrators through an error in law have been led to a wrong conclusion, and that, but for such error, a substantially different award must have

been made, the award and decision will be set aside." [*Howe v Patrons' Mutual Fire Ins Co of Michigan,* 216 Mich 560, 570; 185 NW 864 (1921)]

We accept and adopt for application to automobile insurance policy statutory arbitration this formulation as reflecting the proper role of the courts in acting upon a motion to confirm or vacate arbitration awards. [*Gavin, supra,* p 443.]

The Court noted:

In many cases the arbitrator's alleged error will be as equally attributable to alleged "unwarranted" factfinding as to asserted "error of law". In such cases the award should be upheld since the alleged error of law cannot be shown with the requisite certainty to have been the essential basis for the challenged award and the arbitrator's findings of fact are unreviewable. [*Gavin, supra,* p 429.]

Since the Supreme Court's decision in *Gavin,* this Court has applied that standard several times. In *St Bernard v DAIIE,* 134 Mich App 178, 186; 350 NW2d 847 (1984), the Court was faced with a question regarding the legal meaning of the term "uninsured" in a claimant's policy. It noted:

It is clear that nothing except the legal validity of defendant's definition of an uninsured automobile was at issue at the arbitration proceedings. The determination of that issue meets and surpasses the "but for" test of *Gavin, supra.* Deciding the legal issue was deciding the case. If the contract provision allowing payment only where the other vehicle carried no bodily injury liability insurance is a valid contract provision, the arbitrators exceeded their powers in ignoring that provision and awarding plaintiffs the full $20,000 available under the insurance policy's uninsured motorists coverage. [*St Bernard, supra,* p 186.]

In *Henderson v DAIIE*, 142 Mich App 203, 206; 369 NW2d 210 (1985), a panel of this Court found there was no basis for assuming the arbitrators exceeded their power and ruled that the arbitrators' award should have been affirmed, concluding:

> Plaintiff's argument that there could have been only one reason for the arbitrator's decision is simply unfounded. Defendant's theories in support of the decision are equally as tenable. See *Hayman Co v Brady Mechanical Inc*, 139 Mich App 185; 362 NW2d 243 (1984).

In *Smith v Motorland Ins Co*, 135 Mich App 33, 34; 352 NW2d 335 (1984), lv den 422 Mich 854 (1985), this Court reversed the trial court's vacation of an arbitration award. In that case, plaintiff argued that the award was based on some of the arbitrators' belief that soft tissue injuries could never be considered serious impairments of body function, and defendant denied that that was so, *Smith, supra*, p 40. This Court noted:

> The Supreme Court's decision in *DAIIE v Gavin* clearly limits judicial review of alleged errors of law in arbitration decisions to those which appear on the face of the award. 416 Mich 443, citing *Howe v Patrons' Mutual Fire Ins Co of Michigan*, 216 Mich 560, 570; 185 NW 864 (1921). The arbitration award in this case merely stated:
> "The claim of Ernestine Smith against Motorland Insurance Company is hereby deemed denied."
> The "remarks" sheet further indicated that:
> "Petitioner failed to establish a serious physical impairment by a preponderance of the evidence related to the accident."
> We believe that the decision in *DAIIE v Gavin* was intended to preclude judicial review in precisely the type of case presented here. We cannot

tell on the face of the award whether the majority of the arbitrators relied upon erroneous principles of law in reaching their decision or whether they found that plaintiff's injuries were not causally related to the accident. Evidence submitted at the arbitration hearing would amply support the latter disposition. The arbitrators' remarks may be similarly construed. We thus cannot say that the decision in this case was based on erroneous principles of law and decline to affirm the trial court's decision on this basis. [*Smith, supra,* pp 40-41.]

In this case, the issue disputed in the arbitration proceedings was whether plaintiff's decedent was domiciled at plaintiff's residence. In *Workman v DAIIE,* 404 Mich 477; 274 NW2d 373 (1979), the Supreme Court noted:

Accordingly, both our courts and our sister state courts, in determining whether a person is a "resident" of an insured's "household" or, to the same analytical effect, "domiciled in the same household" as an insured, have articulated a number of factors relevant to this determination. In considering these factors, no one factor is, in itself, determinative; instead, each factor must be balanced and weighed with the others. Among the relevant factors are the following: (1) the subjective or declared intent of the person of remaining, either permanently or for an indefinite or unlimited length of time, in the place he contends is his "domicile" or "household"; (2) the formality or informality of the relationship between the person and the members of the household; (3) whether the place where the person lives is in the same house, within the same curtilage or upon the same premises; (4) the existence of another place of lodging by the person alleging "residence" or "domicile" in the household. [Citations and footnotes omitted. *Workman, supra,* pp 496-497.]

Domicile is a question of fact, *Dairyland Ins Co v Auto-Owner's Ins Co,* 123 Mich App 675, 684; 333 NW2d 322 (1983). See generally 96 ALR3d 804.

Plaintiff contends that all four of the criteria in *Workman, supra,* were satisfied and that, on the objectively established facts, the arbitrators could not have possibly found the way they did. Although plaintiff characterizes her claim as one involving an error in law, her real claim was that the award was against the great weight of the evidence. Neither the court rule nor case law provide for review on this basis. GCR 1963, 769.9(1), now MCR 3.602(J); *Gavin, supra.* The standard articulated in *Gavin* limits judicial review of alleged errors of law in arbitration decisions to those which appear on the face of the award. *Gavin, supra,* p 443; *Smith, supra.* This standard precludes review on the basis that the award was against the great weight of the evidence or that it was not supported by substantial evidence.

In the instant case, the arbitrators' award denying benefits was based on a factual determination of the decedent's domicile. While substantial evidence was presented to support plaintiff's claim, conflicting evidence was also present. Review of the award was not warranted merely because there was substantial evidence before the arbitrators to support a contrary conclusion. *Warner v CTL Engineering, Inc,* 9 Ohio App 3d 52; 458 NE2d 399 (1983) (discussing a court's role in reviewing common-law arbitration). There was no error apparent on the face of the award and we reverse the trial court's decision vacating the arbitrators' decision.

Reversed.