BELEN v ALLSTATE INSURANCE COMPANY

Docket No. 100597. Submitted June 28, 1988, at Detroit. Decided December 19, 1988.

Plaintiff, Nancy Ann Belen, filed a claim for $20,000 in uninsured motorist insurance benefits under a no-fault automobile insurance policy issued to her by defendant, Allstate Insurance Company. Defendant denied the claim and plaintiff filed a demand for arbitration pursuant to the terms of the insurance policy. Following arbitration, a majority of the arbitration panel awarded plaintiff $5,000. Plaintiff then filed in the Wayne Circuit Court a motion to have the arbitration award vacated, citing as grounds the evident partiality of the neutral arbitrator and the arbitrator selected by defendant, and that the same arbitrators refused to hear evidence material to the controversy. The court, Marvin R. Stempien, J., granted the motion. Defendant appealed.

The Court of Appeals *held:*

1. A trial court, upon application of a party to statutory arbitration to confirm or vacate an automobile insurance arbitration award, may set aside the award where on its face it appears that the arbitrators made an error of law so substantial that, but for the error, the award would have been substantially different. No such error is apparent on the face of the award in this case.

2. The partiality or bias of an arbitrator which will allow a court to overturn an arbitration award must be certain and direct, and not, as in this case, remote, uncertain or speculative.

3. The degree of consideration given by arbitrators to evidence admitted in arbitration proceedings is not a matter of appellate review. Plaintiff may not properly claim that the minimal consideration given by the neutral arbitrator and defendant's arbitrator to certain evidence in her favor

REFERENCES

Am Jur 2d, Arbitration and Award §§ 98, 167 *et seq.*, 184 *et seq.*

Setting aside arbitration award on ground of interest or bias of arbitrators. 56 ALR3d 697.

amounted to a refusal to hear evidence material to the controversy.

Reversed.

1. ARBITRATION — AUTOMOBILE INSURANCE — VACATION OF AWARDS.

   A trial court, upon application of a party to statutory arbitration to confirm or vacate an automobile insurance arbitration award, may set aside the award where on its face it appears that the arbitrators made an error of law so substantial that, but for the error, the award would have been substantially different; review on the basis that the award was against the great weight of the evidence or that it was not supported by substantial evidence is precluded (MCR 3.602[J]).

2. ARBITRATION — VACATION OF AWARDS — BIAS.

   The partiality or bias of an arbitrator which will allow a court to overturn an arbitration award must be certain and direct, and not remote, uncertain or speculative (MCR 3.602[J][1][b]).

3. ARBITRATION — VACATION OF AWARDS — EVIDENCE.

   The degree of consideration given by arbitrators to evidence admitted in arbitration proceedings is not a matter of appellate review; however, an arbitrator's refusal to hear evidence material to the controversy may be a ground on which a trial court may vacate an arbitration award (MCR 3.602[J][1][d]).

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Gregory M. Janks*), for plaintiff.

*Mitchell & Leon* (by *Dora P. Linder*), and *Gromek, Bendure & Thomas* (by *Neal C. Villhauer*), of Counsel, for defendant.

Before: KELLY, P.J., and MAHER and M. WARSHAWSKY,* JJ.

M. WARSHAWSKY, J. Defendant, Allstate Insurance Company, appeals as of right from a Wayne Circuit Court order vacating an arbitration award. We reverse.

On May 7, 1982, plaintiff, Nancy Ann Belen, was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

involved in an automobile accident with an uninsured motorist, Albertine Thompson. The accident occurred while plaintiff was eastbound on Puritan Street, attempting a left turn onto Greenfield, in the City of Detroit. Thompson was proceeding westbound on Puritan at the time of the collision.

Pursuant to a policy of insurance with defendant Allstate, plaintiff filed a claim for uninsured motorist coverage seeking the policy limit of $20,000. Defendant denied plaintiff's claim and plaintiff filed a demand for arbitration pursuant to the policy. On February 23, 1987, the claim was arbitrated. The issue presented was to what degree plaintiff and Thompson were each responsible for the accident. Following the arbitration, an award was rendered in favor of plaintiff in the amount of $5,000 by a majority decision, with one arbitrator dissenting.

Following the decision, plaintiff's attorney contacted the arbitrator selected by plaintiff to determine why the award was so low. Plaintiff's attorney learned that during deliberations, the defense and neutral arbitrators had refused to consider photographs of the vehicles and Thompson's testimony. Plaintiff filed a motion to vacate pursuant to MCR 3.602(J)(1)(b), for evident partiality, and MCR 3.602(J)(1)(d), for refusal to hear evidence material to the case. Defendant submitted affidavits of the defense and neutral arbitrators which indicated that they considered all photographs and Thompson's testimony.

On April 3, 1987, the Wayne Circuit Court granted plaintiff's motion to vacate the arbitration award and remanded the action to be rearbitrated before a different panel. On appeal, defendant argues that the trial court erred in vacating the arbitration award. We agree.

MCR 3.602 provides in part:

(J) Vacating Award.

(1) On application of a party, the court shall vacate an award if:

\* \* \*

(b) there was evident partiality by an arbitrator appointed as a neutral, corruption of an arbitrator, or misconduct prejudicing a party's rights;

\* \* \*

(d) the arbitrator refused to postpone the hearing on a showing of sufficient cause, refused to hear evidence material to the controversy, or otherwise conducted the hearing to prejudice substantially a party's rights.

In the trial court, plaintiff contended that the neutral and defense arbitrators refused to consider evidence material to the controversy, specifically the photographs of the vehicles which showed a damage pattern consistent with plaintiff's contention that the light was amber or red when she had attempted her left turn. Plaintiff also claimed that Thompson's deposition testimony, which the arbitrators allegedly refused to consider, was inconsistent and corroborated her own testimony. Plaintiff argued that, because her testimony was the only additional evidence at the arbitration, the neutral arbitrator was evidently partial because he found plaintiff to be negligent on the basis of no evidence.

The standard of judicial review from a private arbitration award is stated in *DAIIE v Gavin,* 416 Mich 407, 443; 331 NW2d 418 (1982), citing *Howe v Patrons' Mutual Fire Ins Co of Michigan,* 216 Mich 560, 570; 185 NW 864 (1921):

"[W]here it clearly appears on the face of the award or the reasons for the decision as stated, being substantially a part of the award, that the arbitrators through an error in law have been led

to a wrong conclusion, and that, but for such error, a substantially different award must have been made, the award and decision will be set aside."

This standard of review was expressly adopted by our Supreme Court for application to automobile insurance policy statutory arbitrations upon a motion to confirm or vacate arbitration awards. *Id.* Thus, it is well-settled that our review of alleged errors of law is limited to those which appear on the face of the award. See *Donegan v Michigan Mutual Ins Co,* 151 Mich App 540, 549; 391 NW2d 403 (1986). This standard precludes review on the basis that the award was against the great weight of the evidence or that it was not supported by substantial evidence. *Donegan, supra.*

In the present case, we find plaintiff's claim of "evident partiality" to be speculative at best. Partiality or bias which will allow a court to overturn an arbitration award must be certain and direct, not remote, uncertain or speculative. *Kauffman v Haas,* 113 Mich App 816; 318 NW2d 572 (1982). MCR 3.602(J)(1)(b), by its own terms, indicates a degree of partiality that is readily observable. Moreover, the court rule does not require that the arbitrators give equal credence to all testimony. Indeed, the arbitrators must remain free to reject any testimony or arguments that they find unpersuasive. Here, there may have been a multitude of reasons supporting the neutral arbitrator's decision. The neutral arbitrator may have found plaintiff's testimony lacking in credibility. Absent certain and direct evidence of partiality, we cannot conclude that there was a showing sufficient to vacate the arbitration award.

Plaintiff's claim that the arbitrators refused to consider certain evidence also lacks merit. MCR

3.602(J)(1)(d) is applicable to an arbitrator's "refus[al] to hear evidence material to the controversy," rather than a refusal to give weight in deliberations to an item of evidence that had been properly admitted. *Donegan, supra,* p 549. There is no dispute, in the present case, that the photographs of the vehicles and Thompson's testimony were introduced and received into evidence at the arbitration hearing. The degree of consideration given this evidence is, as stated, not a matter for appellate review. In *Bradley v Allstate Ins Co,* 133 Mich App 116, 120; 348 NW2d 51 (1984), this Court stated:

> This Court is reluctant to become involved in reviewing the methods of deliberations used by arbitrators in reaching their decisions. Such review would result in our setting guidelines on how arbitrators should deliberate and would end up with courts constantly looking behind awards on many grounds.

In the present case, we decline to interfere in the deliberation process. There is no error clearly apparent on the face of the award and we therefore reverse the trial court's order vacating the arbitration award. We find it unnecessary to review defendant's remaining claim of error.

Reversed.