# STATE OF MICHIGAN

# COURT OF APPEALS

---

CNJ FINANCIAL GROUP, LLC,

       Plaintiff,

and

MARTIN'S CONSTRUCTION &
MANAGEMENT LLC,

       Plaintiff-Appellee,

v

BETTY MCKENNEY,

       Defendant-Appellant,

and

R & F FLOORING & MORE,

       Defendant,

and

TODD E. BRIGGS, receiver,

       Appellee.

UNPUBLISHED
October 18, 2016

No. 327547
Wayne Circuit Court
LC No. 12-003522-NZ

---

Before: MURRAY, P.J., and CAVANAGH and WILDER, JJ.

PER CURIAM.

Defendant, Betty McKenney, appeals as of right an order confirming an arbitration award. For the reasons stated herein, we affirm in part, reverse in part, and remand for modification of the judgment.

## I. FACTS AND PROCEDURAL HISTORY

-1-

This appeal arises out of a real estate transaction between plaintiffs, McKenney and CNJ, Financial Group, LLC ("CNJ") and Martin's Construction & Management, LLC ("Martin's Construction"). On June 3, 2010, McKenney entered into a written real estate transaction agreement to sell her property located at 16716 Shaftbury, Detroit, Michigan ("the property") to CNJ and Martin's Construction for $25,000 upon completion of renovations performed by Martin's Construction, with closing to occur on June 22, 2011. After entering into the agreement, Martin's Construction contracted with R & F Flooring to complete the renovations. Prior to the closing date, and after Martin's Construction had expended time and money making the renovations, McKenney called Martin's Construction and informed it that she was no longer willing to sell the property.

As a result, CNJ and Martin's Construction filed a complaint alleging breach of contract, which was subsequently amended to include counts of fraud and unjust enrichment. In response, McKenney filed a countercomplaint and third-party complaint alleging (1) breach of contract against CNJ and Martin's Construction, (2) negligence against R & F Flooring for the repairs it performed, and (3) civil conspiracy against CNJ, Martin's Construction, and R & F Flooring.

The day before trial, the parties agreed to submit the case to binding arbitration. The parties appeared before the arbitrator and the arbitrator subsequently determined that McKenney breached the real estate transaction agreement when she refused to sell the property to Martin's Construction. As a result, the arbitrator ordered McKenney to either (1) sell the property to Martin's Construction for $25,000 within 30 days of the date of the arbitration award (by May 13, 2015) or, alternatively, (2) reimburse Martin's Construction $65,000.

After receiving the favorable arbitration award, Martin's Construction filed a motion to enter judgment on the arbitration award. McKenney opposed and filed a motion to vacate the arbitration award, asserting that the arbitrator exceeded her authority and that the award was against controlling principles of law. McKenney primarily argued that the arbitrator erred when she relied on various text messages in the opinion when those same text messages were not properly admitted at the arbitration hearing. In addition, McKenney argued that the arbitrator failed to properly apply the substantive law because, with regard to plaintiffs' breach of contract claim, the arbitrator found that McKenney did not have a contract with Martin's Construction. In addition, McKenney argued that Martin's Construction was precluded from recovery under the Residential Builder's Act, because it was not a licensed contractor. McKenney also argued that Marc Martin, the owner of Martin's Construction lied at the arbitration proceeding, making the award a result of fraud or corruption.

The trial court rejected McKenney's arguments and entered an order granting plaintiff's motion to confirm the arbitration award. In addition, the trial court ordered McKenney to transfer title to the property to Marc Martin's in exchange for $25,000, and the trial court appointed a receiver to facilitate the transfer of the property.

## II. ANALYSIS

### A. VACATE ARBITRATION AWARD

McKenney first argues that the trial court erred in failing to vacate the arbitration award. We review de novo a circuit court's decision to enforce, vacate, or modify an arbitration award. *Cipriano v Cipriano*, 289 Mich App 361, 368; 808 NW2d 230 (2010). "Whether an arbitrator exceeded his authority is also reviewed de novo." *Washington v Washington*, 283 Mich App 667, 672; 770 NW2d 908 (2009).

The circuit court's power to vacate an arbitration award is limited. *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488, 495; 475 NW2d 704 (1991).

> A court may not review an arbitrator's factual findings or decision on the merits. Rather, a court may only decide whether the arbitrator's award 'draws its essence' from the contract. If the arbitrator in granting the award did not disregard the terms of his employment and the scope of his authority as expressly circumscribed in the contract, judicial review effectively ceases. [*Fette v Peters Const Co*, 310 Mich App 535, 541; 871 NW2d 877 (2015), quoting *Police Officers Ass'n of Mich v Manistee Co*, 250 Mich App 339, 343; 645 NW2d 713 (2002).]

Stated differently, judicial review exists over whether the arbitrator acted within the scope of his contractual authority or for an error of law that clearly appears on the face of the award or in the reasons stated for the decision. *36th Dist Court v Mich AFSCME Council 25, Local 917*, 295 Mich App 502, 508-509; 815 NW2d 494, rev'd in part on other grounds, 493 Mich 879 (2012).

McKenney argues that the award was procured by corruption and fraud because Martin's testified at the arbitration proceedings that he paid $74,000 to R & F Flooring for renovation work, but an employee at R & F Flooring testified that it only received $41,000. However, even assuming this occurred at the arbitration proceeding,[1] this merely amounts to conflicting testimony, not fraud or corruption. When there is conflicting testimony—as there is in the majority of cases—it is the responsibility of the arbitrator to assess the credibility of the witnesses. See *Belen v Allstate Ins Co*, 173 Mich App 641, 645; 434 NW2d 203 (1988) (the arbitrators "must remain free to reject any testimony . . . that they find unpersuasive."). Absent certain and direct proof of corruption or fraud, we cannot conclude that the trial court erred in confirming the arbitration award.

McKenney next argues that the trial court relied on two pieces of evidence[2] that were not admitted at the arbitration hearing. However, we are unable to determine whether these pieces of

---

[1] The arbitration proceeding was not recorded, thus, we are unable to determine what occurred at the proceeding. While McKenney's attorney has submitted an affidavit of what occurred at the arbitration proceeding, that is not a record of the arbitration proceeding nor have the parties agreed that the documentation is part of the record. See *Hope-Jackson v Washington*, 311 Mich App 602, 613-614; 877 NW2d 736 (2015).

[2] The two pieces of evidence are a letter from Marsha Bruhn and various text messages from McKenney.

evidence were admitted at the arbitration hearing as there is no written record of the arbitration proceedings.

> Reviewing courts can only act upon a written record. . . . Thus, . . . a reviewing court's ability to review an award is restricted to cases in which an error of law appears from the face of the award, or the terms of the contract of submission, or such documentation as the parties agree will constitute the record. [*Hope-Jackson v Washington*, 311 Mich App 602, 613-614; 877 NW2d 736 (2015), citing *DAIIE v Gavin*, 416 Mich 407, 428-429; 331 NW2d 418 (1982).]

Here, there is no written record of the arbitration proceedings and the parties have not agreed as to what is considered the record. Because our review is restricted to errors of law that appear from the face of the award, *Hope-Jackson*, 311 Mich App at 613-614, we are unable to provide relief to McKenney on this basis.

We reject McKenney's assertion that an error of law appears on the face of the arbitration award because the arbitrator determined McKenney was in breach of contract although it found that McKenney did not have a contract with Martin's Construction. Contrary to McKenney's argument, the arbitration award states: "While [McKenney] wants to claim she only had an agreement with CNJ, her actions belie her testimony. . . . Accordingly, this Arbitrator finds that [McKenney], breach[ed] the Real Estate Transaction Agreement with the Plaintiff, Martin's Construction . . . ." Thus, the arbitrator found that McKenney entered into an agreement with CNJ and Martin's Construction and that she breached that contract. Thus, no error of law appears from the face of the award and the trial court did not err in refusing to vacate the award on this basis.

McKenney next asserts that the arbitrator misapplied the law as Martin's Construction is not entitled to damages under the Residential Builder's Act, MCL 339.2412, because Martin's Construction was an unlicensed contractor and had unclean hands. McKenney is essentially requesting that we review the arbitrator's decision on the merits, a task this Court is not permitted to do as we will not substitute our judgment for that of the arbitrator's. *Dohanyos v Detrex Corp (After Remand)*, 217 Mich App 171, 177; 550 NW2d 608 (1996); *Fette*, 310 Mich App at 535. As such, McKenney's argument to vacate the award in this regard is without merit.

We likewise reject McKenney's argument that the equitable nature of the arbitrator's award was improper, particularly because Martin's Construction did not request specific performance in its initial complaint. However, "[t]he fact that the relief could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award." MCR 3.602(J)(2). Accordingly, the trial court did not err when it refused to vacate the arbitration award.

## B. MODIFICATION OF ARBITRATION AWARD

McKenney's final argument is that the trial court erred when it modified the arbitration award. As stated previously, the arbitration award provided that McKenney was required to either (1) sell the property to Martin's Construction for $25,000 by May 13, 2015, or (2) reimburse Martin's Construction $65,000. At the hearing to confirm the arbitration award,

Martin's Construction informed the trial court that it was "ready, willing, and able" to pay $25,000 to McKenney for title to the property, but that McKenney refused to sell the property. As such, Martin's Construction requested that the court enter an order quieting title to the property to it. In response to Martin's Construction's argument, McKenney argued that the relief in the arbitration award was an election and that she had the option of selling the property to Martin's Construction for $25,000 or reimbursing Martin's Construction $65,000. McKenney wanted a judgment rendered against her in the amount of $65,000 because she did not want to sell the property.

After hearing arguments, the trial court stated:

Well, in looking at the contract language here, the orders I should see, and I'll just read it for the Record, as such defendant, Betty McKenney, must sell the property to the plaintiff for the agreed upon amount of $25,000 within 30 days of today's date, or in the alternative, reimburse Mark Martin's the sum of $65,000 in cashiers' check or money order.

The construction company, [Martin's Construction], has indicated that she failed to do that, and well, either of them.

* * *

Well, I'm not so sure of that, but in looking at this, so, there's a couple of things I can do.

One, I can appoint a receiver if the defendant, McKinney [sic], does not comply with this arbitration award. I can appoint a receiver over the property. That receiver, then, will comply with the arbitration award. That is, the receiver would have the authority, then, to do what, let's see.

Well, the receiver, obviously, wouldn't pay the construction company $25,000. But, she has failed to pay the amount for the construction costs. Let me read this again.

Let's go back, the order says as such defendant McKenney must sell the property to the plaintiff for the agreed upon amount of $25,000. So, if I appoint a receiver, the receiver, then, takes, uhm, ownership of the property for purposes of confirming this transaction. Your client transferred the [$]25,000 to the receiver. And then the receiver, then, would have the authority, then, to transfer the right to the property to the construction company. And that's the end of the case assuming that we accept the findings of the arbitrator. Because she's not cooperating.

While it is undisputed that McKenney was not "cooperating" with regard to the sale of the property, the arbitration award gave her the option to sell the house or pay Martin's Construction $65,000. By ordering McKenney to sell the house to Martin's Construction, the trial court effectively eliminated McKenney's option to pay Martin's Construction $65,000, thus modifying the arbitrator's award. This it could not do.

-5-

Pursuant to MCR 3.602(K)(1), a trial court shall modify an arbitration award if:

(a) there is an evident miscalculation of figures or an evident mistake in the description of a person, a thing, or property referred to in the award;

(b) the arbitrator has awarded on a matter not submitted to the arbitrator, and the award may be corrected without affecting the merits of the decision on the issues submitted; or

(c) the award is imperfect in a matter of form, not affecting the merits of the controversy. [MCR 3.602(K)(1).]

Here, there is no evidence of an evident miscalculation of figures or mistake in the description of a person, thing, or property, nor did the arbitrator make an award on a matter not submitted. Instead, the trial court's rationale for ordering the sale of the property was that McKenney had not already transferred the property to Martin's Construction. In ordering the sale of the property, the trial court failed to recognize that, pursuant to the arbitration award, McKenney had the option to retain the property and pay Martin's Construction $65,000. Because the trial court modified the arbitration award by eliminating McKenney's option of paying $65,000 to Martin's Construction and retaining the house without adequate grounds for modification under MCR MCR 3.602(K)(1), the trial court erred in modifying the arbitration award.

Affirmed in part, reversed in part, and remanded for modification of the judgment. No costs, neither party having prevailed in full. MCR 7.219(A). We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Mark J. Cavanagh
/s/ Kurtis T. Wilder

-6-