HENDERSON v DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE

Docket No. 74828. Submitted January 16, 1985, at Detroit.—Decided February 22, 1985.

Leon Henderson claimed benefits from his insurer, Detroit Automobile Inter-Insurance Exchange, under the uninsured motorist provision of his policy. The claim was submitted to arbitration. The arbitrators denied the claim without stating a reason. Henderson applied to the Wayne Circuit Court to vacate the arbitration award. The court, Claudia House Morcom, J., vacated the award and remanded to the arbitration panel for further hearings. The Detroit Automobile Inter-Insurance Exchange appealed. *Held:*

The circuit court, upon application of a party to statutory arbitration to confirm or vacate an automobile insurance arbitration award, may set aside the award where on its face it appears that the arbitrators made an error of law so substantial that but for the error the award would have been substantially different; in such a case the arbitrators exceeded their powers. An arbitration award should not be vacated for the reason that the arbitrators made a substantial error of law where the error does not appear on the face of the award and the result is legally justifiable on some basis. No error appears on the face of the award and it is possible that the award was made on a legally justifiable basis.

Reversed.

1. ARBITRATION — AUTOMOBILE INSURANCE — VACATION OF AWARDS.

The circuit court, upon application of a party to statutory arbitration to confirm or vacate an automobile insurance arbitration award, may set aside the award where on its face it appears that the arbitrators made an error of law of such materiality that but for the error the award would have been substantially

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arbitration and Award § 167 *et seq.*

Construction and application of § 10(a-d) of United States Arbitration Act of 1947 (9 USCS § 10(a-d)), providing grounds for vacating arbitration awards. 20 ALR Fed 295.

[2] 5 Am Jur 2d, Arbitration and Award § 145.

different; in such a case the arbitrators exceeded their powers (GCR 1963, 769.9[1]).

2. ARBITRATION — APPEAL — VACATION OF AWARDS.

An arbitration award should not be vacated for the reason that the arbitrator made a substantial error of law where the error does not appear on the face of the award and the result is legally justifiable on some basis.

*Rifkin & Kingsley, P.C.* (by *Brian J. Kingsley*), for plaintiff.

*MacArthur, Cheatham, Acker & Smith, P.C.* (by *James G. Gross*), for defendant.

Before: CYNAR, P.J., and BEASLEY and R. E. ROBINSON,* JJ.

PER CURIAM. Defendant appeals as of right from a Wayne County Circuit Court judge's order granting plaintiff's motion to vacate an arbitration award. The arbitrators had denied plaintiff's claim for damages, which was based on the uninsured motorist provisions of his policy with defendant.

The arbitrators gave no reason for their decision, stating simply:

"The claim of Leon Henderson against Detroit Automobile Inter Insurance Exchange is hereby deemed denied."

Plaintiff argued to the circuit court that the arbitrators must have based their denial on a legally erroneous conclusion that plaintiff was required to show that the driver of the uninsured vehicle was likewise uninsured. Defendant's attorney argued that there were many possible bases for the arbitrators' award, including the facts that

_____

* Former circuit judge, sitting on the Court of Appeals by assignment.

the automobile accident may not have been the cause of plaintiff's injuries and that plaintiff waited three and one-half years after the accident to file his claim for uninsured motorist benefits.

The circuit court vacated the arbitrators' award and remanded the case to the panel for further hearing, based on plaintiff's argument.

GCR 1963, 769.9(1), lists the circumstances under which a court may vacate an arbitration award. The trial court in this case relied on provision (c), that the arbitrators exceeded their powers.

This provision was closely scrutinized by our Supreme Court in *DAIIE v Gavin,* 416 Mich 407; 331 NW2d 418 (1982). The Court announced the following standard for judicial review of arbitration decisions:

"[W]here it clearly appears on the face of the award or the reasons for the decision as stated, being substantially a part of the award, that the arbitrators through an error in law have been led to a wrong conclusion, and that, but for such error, a substantially different award must have been made, the award and decision will be set aside." 416 Mich 443, quoting *Howe v Patrons' Mutual Fire Ins Co of Michigan,* 216 Mich 560, 570; 185 NW 864 (1921).

The Court emphasized that, while arbitrators are not free to ignore controlling principles of law, the role of the reviewing court is to determine whether the award rests upon an error of law of such materiality that it can be said that the arbitrators "exceeded their powers". 416 Mich 433. The Court observed that, although reviewing courts can only act upon a written record, there is no requirement that a verbatim record be made of private arbitration proceedings or that the arbitrators specify findings of fact or conclusions of law.

"Thus, from the perspective of the record alone, a reviewing court's ability to review an award is restricted to cases in which an error of law appears from the face of the award, or the terms of the contract of submission, or such documentation as the parties agree will constitute the record." 416 Mich 428-429.

The Court noted that it is virtually impossible to discern the mental path leading to an arbitrator's award, so that reviewing courts are usually left without a plainly recognizable basis for finding substantial legal error:

"In many cases the arbitrator's alleged error will be as equally attributable to alleged 'unwarranted' fact-finding as to asserted 'error of law'. In such cases the award should be upheld since the alleged error of law cannot be shown with the requisite certainty to have been the essential basis for the challenged award and the arbitrator's findings of fact are unreviewable." 416 Mich 429.

In the instant case, there is no legal error clearly appearing on the face of the award. Nor is it evident, unlike in *Gavin,* that the arbitrators ignored the clear terms of the contract. As there are no records of proceedings, findings of fact, or conclusions of law, we could only speculate as to the reasons for the arbitrators' decision. This *Gavin* prohibits us from doing. Plaintiff's argument that there could have been only one reason for the arbitrator's decision is simply unfounded. Defendant's theories in support of the decision are equally as tenable. See *Hayman Co v Brady Mechanical Inc,* 139 Mich App 185; 362 NW2d 243 (1984).

There is, therefore, no basis for assuming the arbitrators exceeded their powers, and their award should have been affirmed.

Reversed.