## SAID v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 82915. Submitted February 14, 1986, at Detroit. Decided June 2, 1986.

Nagi A. Said and Saleh Alasri, claiming that they suffered personal injuries when their motor vehicle swerved to avoid an unidentified truck and crashed into an overpass, sought benefits under the uninsured motorist provision of a no-fault insurance policy issued by Auto Club Insurance Association to Said. After benefits were denied, Said and Alasri elected to proceed to arbitration. An arbitration panel subsequently denied their claim. Said and Alasri filed a complaint in Wayne Circuit Court seeking to have the arbitration award vacated, alleging clear legal error on the part of the arbitrators. The circuit court, Louis F. Simmons, J., entered an order dismissing plaintiff's application to vacate the arbitration award. Plaintiffs appealed. *Held:*

1. The Court of Appeals found no error on the face of the arbitration award entered in this case.

2. Plaintiffs' public policy argument against enforcement of an insurance policy definition requiring physical contact in a hit and run situation has been rejected in another case by a panel of the Court of Appeals. The arbitrators properly decided that, under the terms of the insurance policy, plaintiffs were not eligible for benefits because plaintiffs' vehicle had no physical contact with the other vehicle.

3. The Court of Appeals declined to address plaintiffs' argument that the arbitrators required plaintiffs to establish serious impairment of body function, contrary to the terms of the

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340 *et seq.*

Motorist having "no-fault" insurance affording no liability coverage in circumstances as "uninsured" or "underinsured" motorist under damaged party's insurance. 40 ALR4th 1202.

Validity of exclusion in automobile insurance policy precluding recovery of no-fault benefits for injuries arising out of the ownership, maintenance, or use of an uninsured vehicle owned by an insured. 18 ALR4th 632.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

insurance contract, since the arbitrators' analysis of plaintiffs' injuries was unclear from the face of the award, the terms of the contract, or any documentation provided by the parties.

Affirmed.

INSURANCE — NO-FAULT INSURANCE — UNINSURED MOTORISTS.

A contract requirement that there be physical contact with an uninsured vehicle in order to recover under the uninsured motorist provisions of an automobile insurance policy is valid and enforceable.

*Kurnz & McNulty, P.C.* (by *Kevin A. McNulty*), for plaintiffs.

*Dickinson, Brandt, Hanlon, Becker & Lanctot* (by *Richard Haskins*), for defendant.

Before: M. J. KELLY, P.J., and D. F. WALSH and WAHLS, JJ.

M. J. KELLY, P.J. Plaintiffs appeal as of right from the dismissal of their complaint to vacate an arbitration award under GCR 1963, 769.9(1), now MCR 3.602(J). We affirm.

Plaintiffs allege that on February 16, 1979, they suffered personal injuries when their motor vehicle swerved to avoid an unidentified truck and crashed into an overpass wall. The truck made no contact with the plaintiff's vehicle. Plaintiff Nagi Said was insured with defendant under a no-fault policy which included an uninsured motorist provision. Defendant denied benefits under this provision and plaintiffs submitted the claim to arbitration. An arbitration decision was rendered August 9, 1983, in favor of defendant.

Plaintiffs appealed to the circuit court claiming clear legal error on the part of the arbitrators in requiring plaintiffs to show serious impairment of a body function and in enforcing, contrary to public policy, the insurer's definition of "hit and

run." The circuit court disagreed with both contentions and entered an order of summary judgment on January 18, 1985, dismissing plaintiffs' application to vacate the arbitration award.

We find no error on the face of the arbitration award entered in this case, which states merely that plaintiffs' claims against defendant are "hereby deemed denied." See *DAIIE v Gavin,* 416 Mich 407, 443; 331 NW2d 418 (1982). As is typically the case, the arbitrators did not state any reasons for their decision and it is thus "virtually impossible to discern the mental path leading to" the award. *Henderson v DAIIE,* 142 Mich App 203, 206; 369 NW2d 210 (1985).

Another panel of this Court has already rejected the public policy argument advanced by plaintiffs against enforcement of an insurance policy definition requiring physical contact in a hit and run situation. *Auto Club Ins Ass'n v Methner,* 127 Mich App 683; 339 NW2d 234 (1983), lv den 418 Mich 940 (1984). We agree with the analysis in *Methner* and hold that the arbitrators properly acted within the scope of the contract in the instant case.

Plaintiffs also argue that the arbitrators required plaintiffs to establish serious impairment of body function, contrary to the terms of the insurance contract. However, the arbitrators' analysis of plaintiffs' injuries is unclear from the face of the award, the terms of the contract, or any documentation provided by the parties. As defendant notes, the arbitrators may have found that the plaintiffs were not injured as a result of this accident. Appellate review of this issue is not possible on this record and we thus do not find it relevant to discuss any conflict of authority between panels of this Court.

Affirmed.