# STATE OF MICHIGAN

# COURT OF APPEALS

ARTHUR LANG and CAROLE LANG,

Plaintiffs-Appellants,

v

AUTO-OWNERS INSURANCE COMPANY,

Defendant-Appellee.

UNPUBLISHED
January 17, 2017

No. 329577
Grand Traverse Circuit Court
LC No. 2015-030843-NI

Before: O'CONNELL, P.J., and MARKEY and MURRAY, JJ.

PER CURIAM.

Plaintiffs appeal as of right from an order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10) (no genuine issue of material fact) and dismissing plaintiffs' claims. We affirm.

## I. FACTS

This controversy arises out of a motorcycle accident in which plaintiff Arthur Lang was injured when he took evasive action to avoid hitting an unidentified vehicle. He applied his brakes, his wheels turned to the left, his bike went down, and he was catapulted into the air. Lang admitted that he did not make any physical contact with the unidentified vehicle or any other vehicle, and was unaware of hitting anything coming out of the vehicle.

Plaintiffs' insurance policy provided uninsured motorist coverage. Pursuant to the policy, defendant agreed to pay:

> [C]ompensatory damages, including but not limited to loss of consortium, [to] any person [that] is legally entitled to recover from the owner or operator of an uninsured automobile because of bodily injury sustained by an injured person while occupying an automobile that is covered by **SECTION II—LIABILITY COVERAGE** of the policy. [Emphasis in the original.]

The relevant definition of "uninsured automobile" in the policy is a "hit-and-run motor vehicle," which is defined as an automobile "that causes bodily injury by *actual physical contact* with the injured person or the automobile the injured person is occupying; and whose owner or operator is

-1-

unknown." (Emphasis added). Plaintiffs' claim for uninsured motorist benefits was denied because of the absence of physical contact between the unidentified vehicle and the motorcycle.

In response to defendant's motion for summary disposition, plaintiffs argued that because the public policy reason behind the physical contact requirement was to prevent fraud by an injured party who might blame a phantom motorist, they were entitled to recovery because there was no fraud in this case. Plaintiffs noted that Lang's account of the accident was corroborated by the affidavits of two friends who were riding motorcycles with him at the time of the accident and a police report. The trial court, while sympathetic with plaintiff's argument, held that the contract provision clearly required physical contact and had to be enforced.

## II. ANALYSIS

"This Court reviews de novo a circuit court's decision whether to grant or deny summary disposition." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). "The proper interpretation of a contract is a question of law that this Court reviews de novo." *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 47; 664 NW2d 776 (2003).

A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Joseph*, 491 Mich at 206. Summary disposition is proper if there is "no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). The court considering the motion "must consider the affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion." *Joseph*, 491 Mich at 206. All reasonable inferences are to be drawn in favor of the nonmovant. *Dextrom v Wexford Co*, 287 Mich App 406, 415; 789 NW2d 211 (2010). The purpose of summary disposition is to avoid extensive discovery and an evidentiary hearing when a case can be quickly resolved on an issue of law. *Shepherd Montessori Ctr Milan v Ann Arbor Twp*, 259 Mich App 315, 324; 675 NW2d 271 (2003).

Uninsured motorist coverage is not required by statute. *Rory v Continental Ins Co*, 473 Mich 457, 465; 703 NW2d 32 (2005). However, such coverage may be purchased to provide an insured with a source of recovery if the tortfeasor is uninsured. *Id.* Accordingly, the contract of insurance determines under what circumstances such benefits will be awarded. *Rohlman v Hawkeye-Security Ins Co*, 442 Mich 520, 525; 502 NW2d 310 (1993). This Court's duty is to determine from the language of the policy the parties' apparent intention. *Rasheed v Chrysler Corp*, 445 Mich 109, 127 n 28; 517 NW2d 19 (1994). The language of the policy is "giv[en] its ordinary and plain meaning if such would be apparent to a reader of the instrument." *Wilkie*, 469 Mich at 47. Doubtful or ambiguous terms are construed against the insurer. *Royal Globe Ins Cos v Frankenmth Mut Ins Co*, 419 Mich 565, 573; 367 NW2d 652 (1984).

Generally, where there is no physical contact between the insured's vehicle and the other vehicle, uninsured motorist benefits are not available. *Said v Auto Club Ass'n*, 152 Mich App 240, 241-242; 393 NW2d 598 (1986); *Auto Club Ins Ass'n v Methner*, 127 Mich App 683, 685-687; 339 NW2d 234 (1983). However, indirect physical contact may be sufficient to satisfy the

physical contact requirement if the insured's vehicle strikes an object left in the road by the unidentified vehicle or the unidentified vehicle propels an object or another vehicle into the insured's vehicle. *Wills v State Farm Ins Co*, 222 Mich App 110, 119; 560 NW2d 488 (1997); *Hill v Citizens Ins Co of America*, 157 Mich App 383, 390; 403 NW2d 147 (1987). Applying this longstanding rule, plaintiffs are not entitled to uninsured motorist benefit because Lang conceded that there was no physical contact, direct or indirect, between his motorcycle and the unknown motorist.

Plaintiffs argue that this Court should abandon the physical contact requirement because Lang did not engage in fraud. In *Methner*, this Court addressed an insurance policy requirement of physical contact to recover uninsured benefits and held that "[t]he physical contact provision is designed to reduce the possibility of fraud. The purpose of the language is to prevent phantom vehicle claims—the possibility that a motorist who negligently lost control of his own vehicle would recover by alleging that an unknown vehicle caused him to lose control." *Methner*, 127 Mich App at 691. However, this Court has rejected the argument that in the absence of fraud there is no need to enforce the provision. *Methner*, 127 Mich App at 691; *Kersten v Detroit Auto Inter-Insurance Exch*, 82 Mich App 459, 474; 267 NW2d 425 (1978).

Plaintiffs also argue that this Court should adopt Ohio's "corroborative evidence test," which allows for claims in cases where there is independent-third party testimony that the negligence of an unidentified vehicle was the proximate cause of the accident. See *Bobovnik v Metropolitan Property and Gas Ins Co*, 117 Ohio App 3d 578, 581; 690 NE2d 1353 (1997), citing *Girgis v State Farm Mut Auto Ins Co*, 75 Ohio St 3d 302; 662 NE2d 280 (1996). However, in *Girgis* the court references "R.C. 3937.18, the statutory provision that requires insurance companies to offer uninsured motorist coverage." 75 Ohio St 3d at 305. As previously noted, in Michigan uninsured motorist coverage is not required by statute and is purely a matter of contract. *Rory*, 473 Mich at 465. Plaintiffs' argument ignores the fact that the policy in this case is a product of the parties' agreement. The insurance policy unambiguously stated that there must be "actual physical contact" between the unknown vehicle and "the injured person or the automobile the injured person is occupying." As a Court we are not empowered to dispense with the contractually agreed upon physical contact requirement and to instead adopt for the parties Ohio's "corroborative evidence" test. *Id.* at 461.

As a result, this Court has held that "[t]he requirement in an uninsured motorist policy of 'physical contact' between a hit-and-run vehicle and the insured or the insured's vehicle is enforceable in Michigan." *Berry v State Farm Mut Auto Ins Co*, 219 Mich App 340, 347; 556 NW2d 207 (1996). "The rule of stare decisis requires courts to reach the same results as in one case when the same or substantially similar issues are presented in another case with different parties." *Griswold Props, LLC v Lexington Ins Co*, 276 Mich App 551, 563; 741 NW2d 549 (2007). Because our Court has previously rejected these same arguments in other cases, see e.g., *Said*, 152 Mich App at 241-242; *Methner*, 127 Mich App at 685-687; *Wills*, 222 Mich App at 119; *Berry*, 219 Mich App at 347; and *Hill*, 157 Mich App at 390, we must reject them here as well.

Although plaintiffs contend that public policy considerations should compel this Court to abandon the "physical contact" requirement in cases where fraud does not exist, we have not been provided with any policies that have been "adopted by the public through [the] various

legal processes [that] are reflected in our state and federal constitutions, our statutes, and the common law." *Terrien v Zwit*, 467 Mich 56, 66-67; 648 NW2d 602 (2002). According to our Supreme Court, "[t]he public policy of Michigan is *not* merely the equivalent of the personal preferences of a majority of this Court; rather, such policy must be clearly rooted in the law. There is no other proper means of ascertaining what constitutes our public policy." *Id.* at 67 (emphasis in original). That Michigan enforces contractual "physical contact" requirements, as opposed to Ohio's "corroborative evidence" test, does not mean that the Michigan approach is against public policy, as there is no indication that the Ohio "corroborative evidence" test has ever been adopted through the various legal processes in Michigan or that it is "reflected in our state and federal constitutions, our statutes, and the common law."[1] *Terrien*, 467 Mich at 66-67. Michigan policy does, however, favor the enforcement of otherwise valid contractual agreements. *Rory*, 473 Mich at 461-465.

Affirmed.

/s/ Peter D. O'Connell
/s/ Jane E. Markey
/s/ Christopher M. Murray

---

[1] The manual, "What Every Driver Must Know," is not an expression of Michigan's constitution, statute, or common law. Rather, it is merely a guide to finding information regarding "obtaining a driver's license, common traffic laws, signs and signals, and basic driving tips for sharing the road and handling emergency situations." Consequently, the manual cannot be a basis for declaring that the "physical contact" requirement is against public policy. Moreover, we note that the section of the manual cited by plaintiffs applies to situations where an oncoming vehicle is in the driver's lane.